I am of opinion that the order appealed from should be reversed.

Order affirmed.

## MOSS *a.* PRIEST.

*New York Superior Court; General Term, April,* 1863.

### VERDICT.—AMENDMENT.

The rendering of a general verdict by a jury and its reception by the court, without objection, either by the judge or the parties, is good, notwithstanding the failure of such jury to find upon certain special questions of fact, upon which the court, in the course of its charge, directed them to find.

Where the court instruct the jury, if they render a general verdict, to find also upon particular questions of fact by answers in writing, and the jury render such general verdict, but make by their foreman merely oral replies to such questions, every party who does not object at the time waives his right, if any, to have written answers made to such questions ; while the court, by receiving such general verdict, without insisting upon written answers· signed by the jurors, must be deemed also to have withdrawn the instruction to answer such questions, so that the general verdict stands unaffected by any oral answers given by the jury to such questions.

Where in such a case an application is made by either party to have the answers as actually given by the foreman inserted in the record, the adverse party, if he has done no act to waive the objection to the mode of answering not being in writing, may show that the answers actually given by the foreman were not those which the jury intended. Any amendment, if allowed, should be only to conform the whole finding of the jury, including the general verdict, to the answers intended, and not to those erroneously given by the foreman.

Appeal from an order amending a verdict.

The action was tried before one of the justices of the court and a jury. At the close of the evidence the presiding justice directed such jury to bring in a general verdict; and also to answer in writing certain written questions presented to them by him, affirmatively or negatively, according to their opinion, as to how they should be answered from the evidence.

The jury rendered a general verdict in favor of the plaintiff. But their foreman, when called upon by the clerk of the court for their answers to such particular written questions, through some misunderstanding, answered all of them orally in the affirmative ; but no entry was made in the minutes respecting them, or such answers.

The defendant then moved at special term to correct the verdict, by directing the answers so given to the questions to be entered upon the minutes. A statement of some of the jurors was produced upon the motion, by which it appeared that no written answers to the questions had been made by them ; that the oral answers actually given were in the affirmative ; but that to two of such written questions the jury intended to have answered in the negative.

The motion was granted, and the answers actually given ordered to be inserted in the minutes. From this order the plaintiff appealed.

*S. P. Nash*, for the plaintiff, appellant.

*F. Bryan*, for the defendant, respondent.

BY THE COURT.*—ROBERTSON, J.—The Code of Procedure provides (§ 261) that the court may in all cases instruct the jury, if they render a general verdict, to find upon particular questions of fact to be stated in writing, and may direct a written finding thereon, and which special finding shall be filed with the clerk and entered on the minutes.

In the present case, questions of fact were stated in writing by the presiding justice, and the jury were directed to answer them in the affirmative or negative, as under the evidence they thought proper. They took with them, on retiring to deliberate, the written questions; and on returning into court, besides giving a general verdict, stated orally, in answer to a question of the clerk, that they answered all such written questions in the affirmative ; but they signed no written finding thereon. No entry was made, in the minutes, of their answers thereto, at the time of the trial.

---

* Present, ROBERTSON and MONELL, JJ.

It is very plain from the jurors' subsequent statement, that the entry, which the order appealed from directed to be made on the minutes of the court, of their response to the questions put, is not what they wished or intended it to make. They evidently misunderstood the inquiry addressed to them by the clerk in regard to such questions, and answered under that misapprehension. To allow it to stand, would make the verbal answer given through mistake (perhaps of the foreman) take the place of the written answer required by the statute, to the prejudice of the plaintiff. The occurrences in this case are a full illustration of the prudence of the provision which requires the answer or findings to be in writing. If the jurors had been called upon separately to write their answer to each question separately, they would most probably have avoided any mistake. The provision of a statute which requires any document to be in writing, ought not to be dispensed with to work a wrong, or accomplish exactly the reverse of what the parties who ought to have signed the writing intended. The answers entered were, in reality and in substance, not theirs, although they might have been in sound.

Not being in writing, the findings on the submitted questions should be considered as out of the case,—in other words, as if the jury had failed to answer them in any way; and the question then arises, whether the rendering of a general verdict, and its reception by the court without objection, either by the judge or the parties, is not good, notwithstanding the jury have failed to answer special questions. The submission of special questions to a jury to be answered by them in addition to a general verdict, of which such answers form no part (*Code*, § 262 ; see, also, Thompson *a.* Button, 14 *J. R.*, 84), seems to be entirely a matter of discretion with the court; neither of the parties can require it as matter of right. If they need a finding upon special questions, they must apply to the court, in advance of the trial, for an order to that effect. Being a matter of discretion, I apprehend the court can withdraw the direction at any time before the special finding is given, and the general verdict can be received without it. No vested right is acquired by either party to have the findings given, because the court has once so directed it. There is always, therefore, room for withdrawing such directions and receiving

a general verdict up to the time of signing the findings, and filing them and entering them on the minutes, or for the court to exercise its discretion as to receiving them. Suppose jurors are ready to bring in a general verdict, if the court should not insist on answers to the special questions, could not the latter be withdrawn? To doubt that power would convert the discretion of the court into the right of the parties. In this case, a general verdict was received and entered by the clerk without objection by the parties. Something else, it was true, was said by the jurors at the time, but not put in writing and signed by them, or read over by the clerk or entered by him in his minutes. This waived all objection by the parties to the receipt of the general verdict, and precluded either from insisting afterwards, either that such verdict was irregular, or that entries should be made of a verbal response to some questions in order to control it.

As the Code gives to a special finding of facts by a jury the power of controlling a general verdict, if the two are inconsistent, and the court is required to give judgment accordingly (§ 262), such judgment must be specially applied for, in order to determine such inconsistency and its extent; and an appeal would lie for error in giving such judgment. Requiring a jury to answer specially is, therefore, such a different direction as to prevent the clerk from entering the judgment under section 264, according to the general verdict. He cannot determine what judgment is to be entered.

The object of the provision in regard to special findings was to enable the court to leave the case to the jury generally, but to control their general verdict by findings which would render a second trial unnecessary in cases where no exceptions were taken, or rather to prevent the necessity of exceptions to the charge. If, in such cases, the court instruct a jury to find for either party, provided they find in a certain way upon certain questions of fact, such instructions would be subject to exceptions, and error in any of them would send the case back for a new trial. The result would be the same on special findings, as if the court on the trial had charged as might be determined by itself, on more mature reflection and argument when application is made for judgment, it ought to have charged; or if there was no room on the evidence to submit

such questions to the jury, the general verdict rendered might be allowed to stand. The general verdict, as regards the particular questions submitted, becomes a mere matter of form. It is, in fact, merely a mode of having exceptions to the charge argued and carefully decided on a fuller examination than can be given them on the trial, without the necessity of a new trial in case of a mistake. Either party has a right to require a positive instruction to the jury upon matters embraced by such special findings, if raised by the evidence; and to except to a refusal to charge as requested, or to the charge as actually given. But they cannot complain of a course which submits such special questions for special findings thereon in any event.

If the exceptions in this case cover the same ground as the special findings would, in this case, if they had been made, since the former are to be heard at general term first, the defendant will have every benefit derivable from them. If they do not, the fault is his. I do not see that he will be more prejudiced by the omission of the jury to answer in writing the question submitted, than by his own neglect in requiring a specified charge in relation to the same matter.

No verdict was rendered in this case, except the general verdict; and the jury did not answer in legal form the questions which could modify such verdict, and did not intend to answer as it is proposed they should be made to do. All authorities therefore cited in regard to amending verdicts are inapplicable.

If the defendant seeks to amend any defect, it should only be done by conforming the verdict to the actual intention of the jurors—to what they would have done, had an opportunity been afforded them of complying with the terms of the law. The slip, if it can be so called, of taking answers verbally, can only be corrected by amending the equal mistake in the language used by the jurors, or rather their misapprehension of the clerk. The statement of the jurors was not used to contradict their verdict, but to prove that they had never signed a finding in writing, and that what they said verbally was not intended to be as it was understood. If a verbal answer taken down by the court or the clerk is a substitute for the signature in writing required by law, what the jurors intended by such

verbal answer, of course, cannot be proved by their statement. Their intention is only important to show, that they would not have signed such a written statement as the defendant claims they intended to sign; and their present statement is admissible to prove that. At all events, there is no evidence before us that any similar objection, or one that their statement was not sworn to, was taken on the hearing of the motion at special term. The objections should there have been made that they were incompetent witnesses to prove the facts they stated, and that their statement consequently must be excluded, if the defendant intended to rely on that objection.

Of course, if the verbal answer had been equivalent to a written one, the court had the power to amend the clerical error of omitting to insert it in the minutes. But how, in that event, is judgment to be entered in this case, or the exceptions heard, which is ordered to be done at general term? The former, of course, is to be suspended, until the latter are heard, according to the order made at the trial of the case. But if a new trial is refused on the exceptions, can a motion be made afterwards, at special term, by the defendants, for judgment, because the special findings overrule the general verdict? That would make the case heard at a general, before it was heard at a special term. In arguing his exceptions first, the defendant admits that judgment must be given for the plaintiff, if his exceptions fail: which is the only reason why the Code permits the excepting party to be first heard at general term. Why should the plaintiff be put to the expense of arguing the exceptions, if the defendant may have a right to judgment on the special findings to be afterwards pressed by him?

. It was, of course, immaterial to the defendant, whether the supposed answers to the special questions by the jury were placed on the record or not, unless their effect was to overthrow the general verdict for the plaintiff. If that were so, he was bound to elect whether he would try to have the verdict and judgment in his favor, on one ground, or a new trial on the other, and not first get or be defeated on the latter, and then fall back on the former.

Considering, therefore, that the defendant's counsel must be deemed to have waived all his right, if any, to a written answer to the special questions put to the jury, by not objecting to the

general verdict without them; that the court also in receiving the general verdict without insisting on the jurors' signing a written answer to such questions, by not passing on the effect upon the general verdict of the verbal answer to such questions at the time of receiving the verdict, must be deemed to have revoked or withdrawn his requests or instructions to the jury to answer such questions; and that the plaintiff did no act to waive his right to have the questions answered in writing (if answered at all), the answers to which might overthrow the general verdict in his favor;—I think the general verdict should stand unaffected by the verbal answer given by the jury to such question.

Considering further that the plaintiff having done no act to waive any objection to the answers not being in writing, the defendant in applying to amend the record, not only by supplying an accidental omission, but also by making a verbal equal to a written answer, sought equitable relief, and he was bound to do equity by so amending the record as to make it conform to the intention of the jurors in their answer to the clerk's question as they understood it.

The order made should be reversed, unless the defendant will consent that the same be modified, so as to allow the jurors' answers to the second and third questions to be inserted as being in the negative.