## WILLIAM EBERSOLE, RESPONDENT, *v.* THE NORTHERN CENTRAL RAILWAY COMPANY, APPELLANT.

*Jury—submission of questions to, for special findings—right to withdraw them, when they cannot render a general verdict without making the special findings.*

The plaintiff, one of the defendant's employees, brought this action to recover damages for injuries occasioned by a collision between the car in which he was riding and one in another train.   The defendant claimed and the plaintiff denied, that at the time of the accident the plaintiff's arm was outside of the window, by which he was seated.   The judge submitted to the jury four questions, which they were directed to pass upon in addition to their general verdict; the first involving the question of the plaintiff's contributory negligence, and the other three, the negligence of the defendant in employing certain persons named, and the negligence of one of such employees.   After retiring. the jury asked whether they were at liberty to find a general verdict, without passing on the special questions submitted to them, and were informed that if they could agree on a general verdict and could not agree on the special findings, they might find such a verdict and come into court and report, and the court would do what it thought proper. Thereafter the jury found a general verdict for the plaintiff for $6,000, and stated that they could not agree as to the special findings.. The defendant's counsel excepted to the verdict as irregular and moved to set it aside.

*Held,* that the reply of the court to the question of the jury was not equivalent to a withdrawal of the special questions submitted to them, nor was the failure of the counsel for the defendant to except to what the court then said, a waiver. of his right to object to the rendering of a general, verdict alone.

That as there was nothing to show that the jury had agreed in deciding the first of the questions submitted to them (that relating to the plaintiff's contributory negligence) in favor of the plaintiff, a general verdict in his favor could not be sustained.

*Quære,* as to whether after special questions have been submitted to a jury, they can be withdrawn, without the consent of the parties, when the jury intimate that they cannot come to an agreement thereupon, and as to whether, in any case, a general verdict and a report that they cannot agree on the special findings can be allowed to stand.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

This action was brought to recover damages for an injury, alleged to have been caused to the plaintiff's arm while riding on the de-

fendant's cars.   The plaintiff was in the employ of the defendant, and at the time of the accident was traveling on duty in one of the defendant's passenger trains.   Questions were raised as to the defendant's negligence, and one question as to the plaintiff's negligence.   The injury was caused by another car, which ran along the side of that in which the plaintiff was sitting and came into collision with it.   It was claimed by the defendant that plaintiff's arm was out of the window.   It was claimed by the plaintiff that his arm was not out of the window, unless it was thrown out by the concussion.   It would seem that, either by his own act or from the effect of the concussion, the plaintiff's arm was out of the window when the injury happened.

The court submitted to the jury four questions on which they were directed to pass, in addition to their general verdict.

1. Did the plaintiff have his arm wholly or partially outside of the window at the time of the accident, or beyond the window-sill; and was it so placed by the plaintiff, or was it thrown out by the concussion.   As to this, the court directed the jury to write beneath it such a finding as they believed was in accordance with the evidence.

2. Was the defendant guilty of negligence in employing or retaining the switchman O'Brien?

3. Was the defendant guilty of negligence in employing or retaining the engineer O'Neil?

4. Was the engineer O'Neil guilty of any negligence in running his locomotive or the train at the time of the accident?

It appears by the case that after the jury had retired, they came back into court and asked, "Are we at liberty to find a verdict, without passing on the special findings?"

The court replied, "The jury have a right to find; they may find such a verdict, and come into court and report.   If you can agree on a general verdict, and cannot on the special findings submitted to you, you may so report, and the court will do what it thinks proper."

Thereafter the jury came into court, and found a general verdict for the plaintiff, $6,000, "and as to special findings say they cannot agree."   The counsel for defendant excepted to the verdict as

irregular and improper, and on this ground and others moved to set the verdict aside. The court refused to do this, and, in a memorandum, stated that if, to sustain the verdict, it had been necessary for the jury to find affirmatively on all the special questions, and if they had not done so, the verdict would have been set aside. But that it was not necessary to find affirmatively on all the specific questions, to sustain the general verdict. That the verdict could be sustained if they found affirmatively on a part of those specific questions. That the law will presume that they found affirmatively on sufficient of the specific questions to sustain the verdict, and disagreed as to the others. The defendant appealed.

*G. M. Diven,* for the appellant.

*John Murdock,* for the respondent.

LEARNED, P. J. :

It is argued, in the first place, by the respondent, that the court, in effect, withdrew the special questions from the jury, without objection on the part of the defendant. Such does not seem to have been the fact. The court told the jury that, if they could not agree, they might so report. This was not a withdrawal; because it implied that they were to consider the questions, and that they might perhaps agree thereon. If they had agreed on these special questions, no one would have said that the questions had been withdrawn. Whether or not special questions can be withdrawn, and when this may be done, are therefore matters not involved in this case. If a court should say to a jury (where there were no special questions), "if you cannot agree you may report to the court," this would not be a withdrawal of the case from them.

In the case of *Moss* v. *Priest* (19 Abb. Pr., 314), the jury rendered a general verdict for plaintiff; and, through some mistake, the foreman made an oral answer in the affirmative to the questions. No written findings were made, and no entry of the verdict. No objection was made at the time. Afterwards the defendant moved to correct the verdict, by directing the answers to be entered. This was granted by the court below, but reversed by the General Term of the Superior Court; unless the defendant would consent

that two of the answers should be in the negative. That case, therefore, does not apply to the present. *Taylor* v. *Ketchum* (35 How. Pr., 296), briefly holds that a judge can withdraw a special question. It does not appear when such withdrawal was. (*Fraschieris* v. *Henriques* (6 Abb. Pr., N. S., 251) does not touch this question here involved.

The defendant further insists that there was no exception at the proper time. The court, in saying that the jury might agree on a general verdict, and report that they could not on the special findings, added, "the court will do what it thinks proper." This might mean that the court would send the jury out or refuse to receive the verdict. We do not think that the defendant's rights were lost by a failure to except at that time. On the actual coming in of the jury and their rendition of the verdict, an exception was taken.

The Code of Civil Procedure is silent on the effect of an inability of the jury to agree on the special questions. (§§ 1187, 1189.)

The learned justice who tried the cause was of the opinion that the report of the jury, that they could not agree as to special findings, justified a presumption that they found on sufficient of these to sustain the verdict, and disagreed as to the others. It is difficult to understand how a report that they could not agree on special findings meant that they did agree on some. Why did they not specify those on which they agreed?

It is possible that only four jurors agreed on the affirmative to each of the questions, 2, 3 and 4; and then that all the jurors united in the general verdict. Even supposing this to have been proper, the difficulty remains that the question of the plaintiff's contributory negligence was submitted to the jury in the first question and in no other. To justify the general verdict, therefore, the jury were bound to give, in their own minds, an answer to that question. Even if it be permitted that the several jurors should believe, in their minds, that the defendant's negligence consisted in several different things; still, to justify a verdict, there must have been an agreement on the plaintiff's want of negligence. We do not see any ground for presumption that the jurors agreed on an answer to

the first special question.    And if they could not agree on that, how could they, in good faith, render a verdict?

We are not aware what is the special object of this system of submitting questions.    But it may have the good effect of requiring a jury to come to distinct conclusions on the several matters in issue, instead of rendering what are called, compromise verdicts. And perhaps the present may be an instance where the jury could not agree that the plaintiff had not been negligent; could not agree on any specific negligence of which the defendant had been guilty; but found it easy to agree that the defendant, a corporation, should pay $6,000 to one whose arm had been lost in their employment, even by his own negligence or without any negligence of the defendants.

We are not prepared to say whether or not, after special questions have been submitted to a jury, they can be withdrawn without consent of parties, when the jury intimate that they cannot agree thereon.    It can readily be seen that such a practice might be evil.    But that question is not before us now.

Nor do we need to say that, in every case where a jury find a general verdict and report that they cannot agree on the special findings, the verdict cannot stand.    We prefer to take the present case, just as it is.    If the jury were warranted in their own minds in rendering the general verdict, they must have agreed that the plaintiff was not guilty of contributory negligence.    That was submitted to them only by the first question.    If, in fact, they agreed on the answer to that question, they could have said so.    They said generally that they could not agree.    Even admitting that conflicting views on the 2d, 3d and 4th might be mentally harmonized under a general conclusion of negligence, nothing of this kind could be done as to the first.    That presented the question for them to decide whether the plaintiff was negligent in the manner there stated.    On this they evidently could not agree.

To have rendered a general verdict without agreeing on that first question was a violation of their duty.

The judgment and order should be reversed, a new trial granted, costs to abide event.

Present—LEARNED, P. J., BOCKES and WESTBROOK, JJ.

Ordered accordingly.