JOHN ELLIOTT and Another v. VILLAGE OF GRACEVILLE.

June 8, 1899.

Nos. 11,587—(139).

**New Trial—General Verdict—No Answers to Special Questions.**

In an action brought to recover a balance alleged to be due on a contract for the construction of an electric light plant in defendant village, the main issue was over a counterclaim, made by the latter, and based upon a time clause in the contract. The court, when charging the jury, submitted for answer several special questions in reference to this issue. The jury returned a general verdict for plaintiffs, but could not agree as to the special questions, and failed to answer any of them, although no proper verdict could have been reached which did not dispose of this

counterclaim. *Held*, that the trial court did not err when it granted a new trial on the ground that, without agreeing as to the special questions, the jury could not return a general verdict in plaintiffs' favor.

Action in the district court for Big Stone county to recover $1,496.54, being the balance alleged to be due on the contract price of an electric lighting plant. The case was tried before C. L. Brown, J., and a jury, which rendered a verdict in favor of plaintiffs; and from an order granting a motion for a new trial, plaintiffs appealed. Affirmed.

*Welch, Hayne & Hubachek*, for appellants.

*E. T. Young*, for respondent.

COLLINS, J.

When this cause was submitted to the jury, the balance admitted by both parties to be unpaid upon the contract, and for extra work, was $1,287.24; and plaintiffs also claimed for extras an additional $100. As against these claims, defendant contended that it had, at plaintiffs' request, paid Shannon, a subcontractor, $598, and had paid Pierce's bill of $37.85, also by request. It also counterclaimed in the sum of $96.40 for two items provided for in the contract, but alleged to have been unperformed, and also for liquidated damages for 99 days' delay in the completion of the work, at a stipulated amount of ten dollars per day. This contract contained a stipulation for liquidated damages in case of delay, and it stood conceded that the plant was not completed on September 1, as agreed upon. But it was plaintiffs' contention that the terms of the contract in regard to the time of completion were disregarded because the delay was caused almost wholly by the acts and conduct of defendant village, and in some measure by the failure of Shannon, the subcontractor before mentioned, to perform his work within the appointed time. It was also contended by plaintiffs that in any event the defendant village had waived the time clause in the contract, and consequently the enforcement of the per diem penalty. We take plaintiffs' counsel at their word, when in their brief they say that:

"The main effort of each party at the trial was directed to this question of the time clause of the contract, and the consequent per

diem penalty. * * * The theory of the defendant was to establish by its proof that the whole delay was caused by the plaintiffs, and that the work was not completed or accepted by it until December 8" [nearly one hundred days after the day fixed therefor].

It is very evident that the main issue in the case grew out of the time clause, and the court charged the jury very fully in respect to this issue, no objection being made. It then submitted special questions for the jury to answer as follows:

"Question No. 1. Was plaintiffs' failure to complete the contract within the time fixed by its terms caused to any extent by the acts or conduct of the defendant?

"Question No. 2. If your answer to Question No. 1 be 'Yes,' how many days were they thus delayed,—that is, delayed by the defendant?

"Question No. 3. Was Shannon's failure to complete his contract within the time fixed by its terms caused to any extent by the plaintiffs?

"Question No. 4. If your answer to Question No. 3 be 'Yes,' how many days was he so delayed by them?

"Question No. 5. When was the plant accepted by the defendant?"

The court then charged:

"If the evidence is such that you cannot state the number of days, you may either state approximately the number, or answer that you cannot give the precise number of days."

The jury returned a general verdict for plaintiffs in the sum of $450, but failed to answer any of the special questions, because no agreement in respect to the matters covered thereby could be reached. Counsel for defendant then moved for a new trial upon the settled case and upon all of the statutory grounds (G. S. 1894, § 5398), except that mentioned in the sixth subdivision. The trial court granted the motion and ordered a new trial. The reasons therefor are concisely stated in the order as follows:

"The jury in this case returned a verdict for the plaintiffs for the sum of $450. Certain specific questions of fact were submitted to them, with directions that they find thereon. These questions went to the foundation and basis on which a general verdict could be founded. Unless they were answered by the jury in some sort of

way, there was nothing on which they could base a verdict for damages. They reported that they could not agree as to any of these questions, yet returned a general verdict for the plaintiffs."

The order granting a new trial must be affirmed. It is a case where, upon the principal issue in the case, the jury was unable to agree, and yet returned a verdict in which, of necessity, that issue was involved. The defendant was entitled to have the jury pass upon its counterclaim based upon the time clause in the contract, and no proper verdict could have been reached or returned which did not dispose of this claim, either in favor of or against defendant's contention. There was admittedly a delay of several weeks in the completion of the contract. The penalty for such delay accrued in favor of defendant, and it was entitled to have its counterclaim allowed, in whole or in part, unless the right had been lost or waived in some one or more of the ways contended for by plaintiffs. The matter of liquidated damages could not be ignored by the jury, or eliminated from the case by their inability to agree in respect to the same.

And, even if the court below had not taken this view when making the order appealed from, it is a case for the application of the rule that an order of the trial court granting a new trial will not be reversed unless, upon a careful review of the testimony, the court is satisfied that the preponderance of the evidence is manifestly and palpably in favor of the verdict. Had there been no special questions submitted to the jury, so that the question respecting the same was wholly eliminated from the case, this appeal would be governed by the rule we have mentioned. Under all of the circumstances, this was peculiarly and particularly a case for an exercise of the sound discretion of the court below when considering the motion for a new trial. Counsel for plaintiffs urge that, when submitting the special questions, the court expressly informed the jury that, if they could not answer the same, they need not do so, and that for this reason the order granting a new trial—because they were not answered—was error. We do not understand that the court so informed the jury. It did instruct that, if the jury could not state or approximate the number of days of

delay for which either the plaintiffs or Shannon were liable, they need not do so, but it went no further. It did not charge the jury that the first or the third or the fifth question might be put aside if answers could not be agreed upon.

Order affirmed.