## C. M. ROHR, RESPONDENT, v. S. ISAACS, APPELLANT.

PRACTICE—AMENDMENTS ON APPEAL.—The plaintiff, in an action brought in a justice's court, made an oral reply to a counter-claim set up by the defendant in his answer, but such oral reply was not entered by the justice in his docket. The justice proceeded to try the case, and after hearing the testimony of the parties, disallowed the greater portion of the counter-claim, whereupon the defendant appealed to the circuit court: *Held*, that it was not error in the circuit court to allow a reply to be filed in that court, so as to present for trial the same issue which was, in fact, tried in the justice's court.

IDEM—SPECIAL FINDINGS—QUESTIONS WITHDRAWN BEFORE VERDICT.—The submission of particular questions of fact to be answered by the jury in addition to their general verdict, is a matter of discretion with the court, and the submission may be withdrawn by the court at any time before the jury have found a special verdict on the particular questions submitted to them.

APPEAL from Multnomah County.

This was an action commenced in a justice's court by the respondent, to recover from the appellant the sum of forty-seven dollars, less a credit of twenty dollars and sixty-four cents, which he allowed to appellant. The balance claimed was twenty-six dollars and thirty-six cents. The appellant filed an answer, admitting that the respondent had a just demand for forty-five dollars, but claimed a larger credit, amounting to thirty dollars and ninety-six cents. He then, for a further answer, by way of a counter-claim, alleged that the respondent was indebted to him in the sum of two hundred and fifty-five dollars, and demanded a judgment for two hundred and forty dollars and ninety-six cents. No reply was filed by the respondent to the new matter set up in the answer, nor was there any entry made in the justice's docket, to the effect that an oral reply had been made to the new matter, so set forth in the answer. The parties proceeded to the hearing of the cause before the justice.

The respondent and two others testified in his behalf, when he rested his case. The appellant then filed a motion for judgment in his favor, for two hundred and forty dollars and ninety-six cents, for want of a reply, which motion was overruled by the justice. The trial then proceeded, and

the appellant called and examined a number of witnesses in his behalf. After hearing the case, the justice rendered a judgment in favor of the respondent for nineteen dollars and twenty cents, from which an appeal was taken to the circuit court.

The appellant then moved for judgment on the pleadings in that court, which motion was taken under advisement, pending which the respondent moved the court for an order on the justice to supply and perfect the transcript, which order was made. In return to this, the justice certified that after the answer was filed, the respondent replied orally to the new matter set up in the answer, virtually denying the same; and that by inadvertence the same was not entered on his docket. Two or three counter-affidavits were filed by appellant, denying that oral reply was made as certified by the justice. The circuit court overruled the motion for judgment on the pleadings, and allowed the respondent to file a reply denying the new matter set up in the answer as a counter-claim.

On the trial in the circuit court, the jury were directed by the court to find a general verdict upon the issues tried, and in addition to find as a question of fact what was the value of certain slaughter-house offal, sold and delivered by appellant to respondent, as set forth in the answer as a counter-claim. The jury rendered a general verdict in favor of respondent, for eighteen dollars and seventy-two cents, but failed to find on the question of fact submitted to them. The court directed them to retire and find on the question of fact. After being out some time, one of the jurors became sick, and they were discharged without finding a special verdict. Judgment was then entered on the general verdict.

*E. Mendenhall and John B. Waldo,* for appellant.

*Moreland & Tanner,* for respondent.

By the Court, KELLY, C. J.:

The appellant claims that the court erred in its refusal to render judgment in his favor on the pleadings, as filed in

the justice's court, and in allowing the respondent to file a reply in the circuit court. The statute in relation to the proceedings in justices' courts, section 80, page 473, of the code, provides that "the appellate court may, in further-ance of justice, and upon such terms as may be just, allow the pleadings in the action to b-᷉ᴜmended, so as not to substantially change the issu᷅᷈ᴇ́ᴅ in the justice's court, or introduce any new cause of ꭰᴵ᷄ᴖ ᴏ᷅ ᴜ ᴏᴦ defense." In justices' courts the pleadings are ᴦ ᶦ made orally or in writing, as the parties to the act᷀ ᴊay desire. The object which the legislature had in view by so providing, was to enable the parties litigant to try their cases without going to the expense of employing counsel, if they think proper to do so. Often they are so small that the amount in controversy will not justify the employment of attorneys to conduct them, and especially is this so in country precincts remote from the county seats where lawyers usually reside. In justices' courts, where parties try their own cases, formality or exactness in pleading is not expected nor required. And when appeals are taken in such cases, the circuit courts are and always have been liberal in allowing the pleadings to be so amended as to present the issues which were in fact tried in the justice's court, whether they were there made by the pleadings or not.

In this case there can be no doubt that one of the issues tried in the justice's court was, whether the counter-claim of the appellant was a just one or not. It was undoubtedly contested by the respondent, for the greater portion of it was disallowed by the justice after hearing the testimony on both sides. As it was an issue which was in fact tried before the justice, the circuit court very properly allowed a formal reply to be filed, so that the same issue might again be tried in that court. The appellant also contends that the court erred in withdrawing from the jury the particular question of fact upon which they were directed to find, and in discharging them after they had rendered a general ver-dict in favor of respondent. The submission of particular questions of fact to be answered by the jury, in addition to their general verdict, is a matter of discretion with the

court.   Neither of the parties can demand it as a matter of right, and being purely a matter of discretion with the court, we think this discretion may be withdrawn at any time before the jury have found a special verdict on the particular question or questions submitted to them.   (*Moss* v. *Priest*, 19 Abb. Pr. 314.)

Some other exceptions were taken to the refusal of the court to charge the jury as requested by the counsel for appellant.   They have not, however, been pressed upon the consideration of the court in the argument of the case, and are therefore presumed to have been abandoned.   The instructions asked were mere abstract propositions of law, which the court was under no obligation to give.

The judgment of the court below is affirmed, with costs.