CHARLES H. ERMENTRAUT and Another v. PROVIDENCE-WASHINGTON INSURANCE COMPANY.[1]

February 15, 1897.

Nos. 10,375—(267).

**Trial—Withdrawing Special Questions from Jury.**

    A jury was directed in addition to returning a general verdict, to answer certain specific questions submitted to them. An affirmative answer to both of these questions was absolutely necessary in order to sustain a general verdict in plaintiffs' favor. After being out 36 hours, without reaching an agreement as to the answers to the specific questions, the court, of its own motion, and in the absence of defendant's attorneys, withdrew these special questions from further consideration by the jury, and then received a general verdict against the defendant. *Held*, that the court erred in withdrawing these questions.

[2] Phillips v. Port Townsend, 8 Wash. 533, 36 Pac. 478.
[1] Reported in 70 N. W. 572.

Appeal by defendant from an order of the district court for Hennepin county, Elliott, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $525.    Reversed.

*McDonald & Fauntleroy* and *Freeman P. Lane*, for appellant.

*Merrick & Merrick*, for respondents.

COLLINS, J.    This is one of a series of cases brought by plaintiffs against different insurance companies to recover the amounts alleged to be due upon fire policies covering plaintiffs' elevator building. Several of these cases have been before this court, but this is the first to reach us in which there has been a verdict upon the merits. In view of the fact that the testimony covers more than 650 pages of the paper book, it is to be regretted that the order denying defendant's motion for a new trial must be reversed.

Plaintiffs' elevator adjoined a feed mill owned by another party. It was plaintiffs' claim on the trial that a fire originated in the feed mill, and so burned and weakened the wall between it and the elevator as to cause the latter to fall; while defendant contended that the elevator fell because improperly constructed, not by reason of any fire, and that there was no fire in either mill or elevator until both buildings had fallen.    The vital issue presented by the evidence was upon this point, and the court charged the jury in the following words:

"So that, if you should find from the evidence in this case that the fall of this elevator was caused by the fire, and you should find that the fire existed in the feed mill adjoining, and that by reason thereof the elevator was caused to fall, then the plaintiff would be entitled to recover.    On the other hand, if you should find from the evidence in the case that the fire was the result of the fall, or, in other words, that the fire was caused or occasioned by the fall, and there was no fire until after the fall, then there could be no recovery in this case, because the policy contains a provision that if the building, or any part thereof, fall, except as a result of fire, all insurance by this policy on such building or its contents shall immediately cease.    So that, under that provision, they could have no recovery at all for fire that occurred by reason of the fall of the building."

The court instructed the jury to return a general verdict, and also, at the request of both parties, submitted two specific questions to be answered.    The first:

"Was there any fire in or on Thompson's feed mill [the feed mill mentioned in the evidence] before the elevator building [mentioned in the evidence] fell?"

The second of these questions was:

"If you answer the foregoing question 'No,' you will not consider the following question; but, if you should answer it 'Yes,' then you will answer the following question: Did such fire cause said elevator to fall in?"

The record as to what transpired subsequently is as follows:

"The court, after the jury had been out considering this case for a day and a half, withdrew, upon its own motion, the two foregoing special questions, which had been submitted to said jury to answer, in the absence of the attorneys for the defendant, and allowed the jury to bring in a general verdict, and without answering either the two said special questions which had been submitted to them."

Under the circumstances appearing in this case, we are obliged to hold that the court erred when it withdrew the special questions, and permitted the jury to return a general verdict. The instruction had been to the effect that, unless an affirmative answer was returned to both questions, the general verdict must be for defendant; and, after deliberating for 36 hours, an affirmative answer had not been given to either question. Evidently no agreement as to the time when the fire broke out, with reference to the falling of the buildings, had resulted from earnest discussion of the evidence. The questions were then withdrawn, and the effect of the withdrawal may well be imagined. It might have been regarded by the jury as equivalent to an instruction that the court had receded from its former position as to the law, or that, notwithstanding the difference of opinion on the principal issue, a general verdict might be returned for plaintiff. It was equivalent to an instruction that the verdict just mentioned might be found even if the jury should fail to agree upon the specific questions.

In Schneider v. Chicago, B. & N. R. Co., 42 Minn. 68, 43 N. W. 783, it was stated that when the jury find a general verdict in favor of the plaintiff, but fail to agree upon a specific question submitted to them, the general verdict is properly received, unless a finding in favor of the defendant on the specific question submitted would be conclusive against plaintiff's right to recover. In the case at bar, a finding in

the negative upon the specific questions submitted would have been conclusive against plaintiffs' right to recover; and on principle we fail to see any difference between a case of that character where, after many hours of deliberation, the jury fails to agree upon the specific question, it is withdrawn, and a general verdict for plaintiff is returned, and the case where the jury returns a general verdict in favor of the plaintiff, but are unable to agree upon a specific question submitted to them, although a finding thereon in defendant's favor would·have been conclusive against plaintiff's right of recovery.

The plaintiffs' position upon this point is that, as it was discretionary with the court to submit the special questions, it had the implied power to withdraw them whenever it was deemed. advisable.   This view of the present case cannot be taken, for the logic of it is that when the court exercises its discretion, and calls upon the jury to answer a specific question going to the very gist of the cause of action and to plaintiff's right to recover, and then discovers that an answer cannot be agreed upon, it may smooth the way, and induce a general verdict in his favor, by removing the obstacle which has theretofore absolutely prevented it.

Order reversed.