SARAH EISCHEN v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

August 1, 1900.

Nos. 12,186—(251).

Submission to Jury of Special Questions—Failure to Answer—General Verdict.

> When a jury is instructed by the court, of its own motion, to find special answers to certain questions bearing upon vital issues in the case, which questions are submitted, the court is not at liberty, without the consent of the parties, to withdraw or disregard such questions by accepting a general verdict without answers thereto.

Action in the district court for Wabasha county by plaintiff, a minor, by her guardian ad litem, to recover $2,000 damages for personal injuries. The case was tried before Snow, J., and a jury, which rendered a general verdict in favor of defendant. From an order granting a motion for a new trial, defendant appealed. Affirmed.

*Webber & Lees*, for appellant.

*A. Z. Putnam* and *Campbell & Campbell*, for respondent.

[1] Reported in 83 N. W. 490.

COLLINS, J.

This was a personal injury action, in which defendant had a verdict. It was set aside and a new trial granted, solely because the jury failed to answer three special questions submitted to them, to be answered in connection with their general verdict. These questions were: First. Was the defendant negligent? Second. If so, was its negligence the proximate cause of the injury? Third. Was the plaintiff's ward guilty of contributory negligence? The jury were instructed that if they answered the first and second in the affirmative, and the third in the negative, they must find a verdict for the plaintiff in some amount, but if their answers to the first and second questions were in the negative, and to the third in the affirmative, their verdict must be for defendant.

It is obvious that these questions served to direct the jury's attention to the vital issues in the case,—issues which would have to be passed upon before the general result could be reached. Answers to these three questions would have been material and decisive. Without affirmative answers to the first and second, plaintiff would not be entitled to recover. And, with affirmative answers to both questions, a verdict in plaintiff's favor could not be sustained unless the jury answered the third negatively. These were the positive instructions of the court, upon its own motion, and without objection. Of course, it was within the discretion of the trial court to submit these questions to the determination of the jury; but that it did so, without the request of counsel, indicates that there were good reasons therefor.

We regard the question now before us as settled in this state by the case of Nichols, Shepard & Co. v. Wadsworth, 40 Minn. 547, 42 N. W. 541, in which it was said that where the jury is directed by the court to find special answers to certain material questions submitted to them for their consideration, and they fail to do so, when bringing in a general verdict, the court is not at liberty, without consent of the parties, to withdraw or disregard the same. The presumption is that these questions were considered. They were unanswered in total disregard of the positive and easily understood instructions of the court below. If the first and second questions had been answered in the affirmative, and the third in the negative,

plaintiff's right to recover in some amount would have been conclusively established. The only fair construction and safe rule to adopt is to hold, for the purposes of this case, that the jury could not answer either of these questions in accordance with the general verdict, or in a manner which would sustain that verdict. If the jurors were agreed on these questions, as they should have been, and were required to be in order to uphold the general conclusion, why were the questions left unanswered, in disregard of the instructions?

The question now before us has also been considered, under somewhat different aspects, in the subsequent cases of Ermentraut v. Providence-Washington Ins. Co., 67 Minn. 451, 70 N. W. 572; Elliott v. Village of Graceville, 76 Minn. 430, 79 N. W. 503. But no valid distinction can be pointed out which would affect or have any real bearing upon the position taken by defendant's counsel,—that, because the submission of the special questions in a case of this character is wholly discretionary with the court, a withdrawal thereof without answer is also a matter wholly and solely of discretion. It does not follow that, because the court may exercise its discretion as to the submission of questions for special answers, it may also withdraw the same at pleasure. This is clearly indicated in the opinions in the two cases last cited. Counsel call attention to Florence v. Daggett, 135 Mass. 582, 585, and National v. Miller, 1 So. D. 548, 47 N. W. 962, in which it was held that where special questions are submitted without the request of either party, and wholly at the court's own motion, it is discretionary with the court to accept the general verdict without requiring answers to the questions, and that neither party, no objection having been made, can take exception to the action of the court. These decisions are, in principle, in conflict with those from our own court heretofore cited, and for that reason we cannot follow them.

Order affirmed.