## INHABITANTS OF WAKEFIELD *vs.* WAKEFIELD WATER COMPANY.

Middlesex.   November 15, 1902. — January 7, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ

*Practice, Civil,* Verdict.

In an action by a town against a water company for damages which the town had paid to a traveller for an injury from a defect in a sidewalk, alleged to have been caused by the negligence of the defendant in not properly refilling a trench made for laying a water pipe, one of the grounds of defence was that after the defendant had refilled the trench properly it was reopened by plumbers whose negligence caused the defect. The judge asked the jury to answer yes or no to a question whether this was the fact. The jury returned a verdict for the defendant, but were unable to agree on an answer to the question whether plumbers had reopened the trench. Other defences also had been relied on at the trial. The judge refused to rule that in view of the disagreement the verdict could not stand. *Held,* that the refusal was right, as it did not appear that an answer to the question was necessary to the verdict, which might have been rendered on one of the other defences.

TORT for damages paid by the plaintiff town to one Susan M. Atherton for an injury from a defect in a sidewalk alleged to have been caused by the negligence of the defendant. Writ dated August 15; 1900.

The trial in the Superior Court before *Sheldon,* J., took the course described in the opinion. The jury returned a verdict for the defendant in the manner described in the opinion; and the plaintiff alleged exceptions.

*M. E. S. Clemons,* for the plaintiff.

*A. S. Hall,* (*T. Eaton* with him,) for the defendant.

KNOWLTON, C. J.   This is an action of tort to recover from the defendant company a sum of money paid by the plaintiff to one Atherton in settlement of a claim for damages resulting from an injury alleged to have been caused by a defect in or near a sidewalk in the town of Wakefield, which defect is alleged by the plaintiff to have been caused by the defendant. The payment was made without a trial, and without notice to this defendant that it might come in and defend the suit. At the trial of the present case the plaintiff contended that there

was a defect in the highway from a depression in a concrete sidewalk in front of the store of one Stanley, which sidewalk was so wide that it extended some distance beyond the line of the street towards the building, forming a continuous surface, with nothing to indicate the line of the street. The accident happened in the evening of November 19, 1894. It appeared that in July, 1893, the defendant laid a service pipe from its water main in the street into Stanley's store, tunnelling under the greater part of the sidewalk, and digging a trench from the line of the building to the sidewalk, and removing a portion of the concrete twenty-one inches wide measuring on the line of the street, and extending from the edge nearest to the building into the street to a point about half an inch beyond the line of the street on one side of the trench, and two inches on the other side of the trench. A few weeks after this work was done a depression appeared in the place where the concrete had been cut out, and the plaintiff contended that this was caused by the negligence of the defendant in doing the work. The defendant's evidence tended to show that it refilled the tunnels and trench, and tamped the earth, and left the place in a safe and proper condition. The defendant also contended that, a day or two after the completion of its work, the trench was reopened by plumbers employed by the owner or occupant of the building, to connect the pipes in the building with the pipe laid by the defendant.

The defendant contended and argued to the jury that the plaintiff failed to prove any of the allegations necessary to establish its case, and all the issues so raised were submitted to the jury in detail for their findings. In charging the jury the judge said, " And because I regard this as one of the important questions, and am interested as to how you will treat it, I am going to ask you to answer this question: ' Was this hole in the sidewalk reopened and refilled by the plumbers after the defendant's servants had finished their work upon it?' and that question you will answer 'yes' or 'no.'" The jury returned a verdict for the defendant, but were unable to agree upon an answer to the question. The plaintiff made a motion for a new trial, and at the hearing upon it requested the judge to rule that " The verdict for the defendant, under the circumstances of this

case, cannot stand in law, in view of the disagreement on the question submitted by the court to the jury." This request was refused, the motion for a new trial was overruled, and the case is before us on the plaintiff's exception to the refusal of the judge to make this ruling.

The failure of the jury to agree on this question was a matter proper for consideration by the judge, in the exercise of his discretion, in passing upon the motion for a new trial. But the ruling requested is not well founded in law. It does not appear that an answer to the question was necessary to the verdict. The subject to which the question related was only one of the defences relied on at the trial, and a verdict for the defendant might well have been rendered upon the failure of the plaintiff to sustain the burden of proof on different propositions, the establishment of which was necessary to make out its case. To say nothing of other issues, the jury may have found that there was no negligence on the part of the defendant in doing the work, or they may have found that the depression did not render the street so far unsafe or inconvenient as to constitute a defect for which the town was liable; or they may have found that the plaintiff in the original suit was not shown to be in the exercise of due care. The ruling was rightly refused.

*Exceptions overruled.*