POOR, Administrator, Respondent, v. MADISON RIVER
POWER CO. et al., Appellants.

(No. 2,819.)

(Submitted April 8, 1910.    Decided April 28, 1910.)

[108 Pac. 645.]

*Personal Injuries—Electric Wires—Instructions—Harmless Error—Special Interrogatories—Discretion—Jury.*

Appeal—Instructions—Objections and Exceptions—Review.
    1.   Under subdivision 5 of section 6746, Revised Codes, the supreme
    court cannot reverse a judgment and direct a new trial for error in an
    instruction, unless at the time of settlement in the trial court specific
    objection was made to it, pointing out the error alleged, and an excep-
    tion preserved to the action of the court in overruling the objection.
Personal Injuries—Instructions—Conformity to Issues—Harmless Error.
    2.   Though the district court erred, in an action to recover damages
    for the death of an employee occasioned by coming in contact with a
    highly charged electric wire, in submitting an instruction upon an issue
    of negligence not involved in the case as tried, such error was non-
    prejudicial to defendant, in view of the fact that the instruction placed
    an additional burden upon plaintiff which, under the theory of the case,
    he was not bound to assume.
Trial—Special Interrogatories—Discretion.
    3.   The submission of special interrogatories to the jury is a matter
    confided to the discretion of the district court.
Same—Special Interrogatories—Improper Form.
    4.   A special interrogatory involving two questions, one of which might,
    under the testimony, have been answered in the affirmative, while to
    the other an affirmative or negative answer could have been given, was
    improper.
Same—Special Interrogatories—Withdrawal.
    5.   By accepting a general verdict without requiring the jury to answer
    a special interrogatory submitted to them, the court in effect withdrew
    it from their consideration, which it was within its discretion to do.
Same—Jury—Discharge—Recall.
    6.   After the jury has been finally discharged from consideration of
    a case, they may not, except upon consent of all parties, be recalled to
    answer a special submitted to them but which they failed
    to answer when returning their verdict.
Appeal—Conflicting Evidence—Verdict—Conclusiveness.
    7.   The verdict of the jury will not be disturbed on appeal on the
    alleged ground that the evidence is insufficient to justify it, where
    from the testimony before them they could have found the issues in
    favor of either party.
        (Mr. Justice Smith dissenting in part.)

*Appeal from District Court, Gallatin County; J. M. Clements,*
*Judge of the First Judicial District, presiding.*

Action by J. R. Poor, as administrator of Amos R. Howerton, deceased, against the Madison River Power Company and another. From a judgment for plaintiff and an order denying a motion for new trial, defendants appeal. Affirmed.

*Messrs. Hartman & Hartman, Messrs. Maury & Templeman,* and *Mr. J. O. Davies,* submitted a brief in behalf of Appellants. *Mr. H. L. Maury* argued the cause orally.

In behalf of Respondent, there was a brief and oral argument by *Mr. George Y. Patten.*

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action by the plaintiff as administrator of Amos R. Howerton, deceased, for damages for the death of said Howerton, caused by his coming in contact with a highly charged wire in the electric substation of defendant at Bozeman, in Gallatin county, while he was in the employ of the defendants therein as a carpenter. A statement of the case sufficient to give a clear idea of the issues involved will be found in the opinion of this court on a former appeal. (38 Mont. 341, 99 Pac. 947.) At the close of the evidence on the first trial, the district judge, on motion of defendants, directed a verdict in their behalf. The judgment entered thereon and an order denying plaintiff's motion for a new trial were reversed by this court, and a new trial ordered, on the ground that the court erred in withdrawing the case from the jury. A second trial resulted in a verdict and judgment for the plaintiff. The case is now before this court upon defendants' appeal from the judgment and order denying their motion for a new trial. Though before the trial the complaint was amended in some particulars, the issues remained substantially the same. The evidence introduced on the trial was also substantially the same, except as will hereafter be noted.

In the paragraph of the opinion devoted to a consideration of the issues involved this court on the former appeal, speaking

through Mr. Justice Smith, said: "Appellant's counsel contend
that under the admissions in the pleadings and the undisputed
proofs on the trial there was and is only one question in the
case, namely, whether Howerton was warned of the danger; and
we are inclined to agree that this is the principal question in-
volved. No complaint is made that the substation was not
properly constructed, or that any of the appliances were defec-
tive or insufficient. It is alleged in the complaint, and tacitly
admitted in the answer, that the wires were dangerous. ＊ ＊ ＊
The real grievance complained of is the failure to warn the
plaintiff of the danger, inasmuch as he was ignorant of it.
＊ ＊ ＊ The question of the failure of the defendants to fur-
nish approved or different appliances is not in the case." At
the trial the parties proceeded upon the theory of the case
thus outlined, the plaintiff undertaking to show that the de-
fendants, knowing and appreciating the dangerous character
of the place, employed Howerton, the deceased, who was igno-
rant of its character, and directed him to work there without
warning him of the danger or giving him information with re-
spect to it, and were thus guilty of actionable negligence. The
defendants sought to show that the deceased was not only suffi-
ciently warned of the danger lurking in the place, but fully
understood and appreciated it. Of course, having adopted this
theory of the case, both parties proceeded upon the assumption
that the place was dangerous, and necessarily so from the
nature of the agency employed, and not because of any negli-
gence on the part of the defendants in maintaining it as they
did.

The principal contention now made is that the district court
erred in its instructions in submitting the case to the jury.
Our attention is called especially to instruction 8, ·requested by
the plaintiff, and instruction 13, requested by defendants.
These are as follows:

"No. 8. You are instructed that if you believe from a pre-
ponderance of the evidence that the defendants were guilty
of negligence in failing to provide the deceased, Amos R. Hower-

ton, with a reasonably safe place in which to perform his work, and that said deceased did not know or appreciate the danger to which he was subjected in the place where he was working, and was not warned thereof by the defendants, or either of them, and under the circumstances as a reasonably prudent man ought not to have known or appreciated the danger at the place where he was working, and while engaged in his work for the defendant Madison River Company he was killed by reason of the unsafe place in which he was permitted by defendants to work, and their failure to warn him of such danger, your verdict should be for the plaintiff.''

''No. 13.   The complaint does not charge, nor the plaintiff contend, that the defendants were negligent because they maintained and operated their power-house and high tension wire upon which Howerton met his death in the manner in which the evidence shows the same were maintained and operated, and, in fact, that the same was maintained and operated as the evidence shows it was, does not constitute negligence. The negligence charged is the failure to warn Howerton of the dangerous condition of the wire and the putting him to work at a place in the power-house where he might be expected to come in contact with the wire. It is therefore not sufficient for the plaintiff to show the maintenance of the wire upon which Howerton met his death in the position in which the evidence shows it to have been. He must also show that Howerton had not sufficient knowledge of the dangers of the wire to appreciate the danger to himself in coming in contact with the same; that the defendants, or either of them, failed to warn him of such dangers, and permitted or ordered him to go to work at a point in the power-house where he might come in contact therewith, and this must be shown by a fair preponderance of the evidence.''

The specific objection made to the former of these instructions is that the first clause of it, ending with the words ''in which to perform his work,'' is erroneous, in that it has reference to an issue not involved in the case, and is therefore mis--

leading.  In the argument in the brief counsel insist that this portion of it amounted to a peremptory direction to the jury to find for the plaintiff, and, besides, is in direct conflict with instruction 13.  Under the statute (Revised Codes, sec. 6746, subd. 5), this court cannot reverse a judgment and direct a new trial for error in any instruction, unless specific objection was made to it, pointing out the error alleged, at the time of settlement in the trial court, and an exception preserved to the action of the court in overruling the objection.  For present purposes it may be conceded that the two instructions are in substantial conflict.  Even so, under the rule declared by the statute, the error thus committed cannot be made a ground of reversal.  (*Yergy* v. *Helena L. & Ry. Co.*, 39 Mont. 213, 102 Pac. 310; *Robinson* v. *Helena L. & Ry. Co.*, 38 Mont. 222, 99 Pac. 837; *Lehane* v. *Butte Electric Ry. Co.*, 37 Mont. 564, 97 Pac. 1038.)

Instruction No. 13 was formulated upon the theory that it was only incumbent upon the plaintiff to establish (1) that Howerton had not sufficient knowledge of the character of the place to appreciate the danger; and (2) that the defendant permitted or directed him to work there without warning him of the danger so that he might guard against it.  This is entirely in accord with the theory developed by the parties in introducing their evidence.  The portion of instruction No. 8 to which the objection was directed did submit to the jury an issue which had been eliminated from the case.  Under it, in order to recover, the plaintiff must have shown (1) that defendants failed to furnish the plaintiff a reasonably safe place in which to work; (2) that plaintiff did not know of the dangerous conditions existing there and appreciate them; and (3) that defendants permitted and directed him to work there, without warning him of the danger.  In view of the theory upon which the parties proceeded, the court should have assumed that the defendants' wires, highly charged, as they were, with electricity, were dangerous, and told the jury definitely that such was the case.  It should also have informed them that the

plaintiff did not claim that the defendants were negligent in maintaining them as they did. It should then have required them to find upon the remaining two issues. Thus the incongruity contained in this instruction would have been eliminated. In effect, however, the incongruity could not have prejudiced the defendants. It merely required the jury to find as an essential element of plaintiff's right to recover an additional fact which it was not necessary to find, to-wit, that the defendants were guilty of negligence in maintaining the place as they did. This cast a burden upon the plaintiff which he was not bound to assume. Since this was so, the defendants, in view of plaintiff's admission that they were not in fact negligent in maintaining the place, were put in a more advantageous position than they otherwise would have been, had the issue been entirely eliminated; for, under this instruction, standing alone, though the jury had found that deceased was ignorant of the conditions, and that defendants failed to warn him of them, they must still have found for the defendants, unless they further found that the defendants were negligent in maintaining the place as they did. Such being the situation, the defendants cannot complain.

At the request of defendants, the court submitted to the jury the following special interrogatory: "Did the witness Barclay, in the presence of Amos R. Howerton, make an experiment and at the same time explain to said Howerton the dangerous nature of the wire on which Howerton was killed?" The witness mentioned had not testified at the previous trial. At the time the accident occurred, he was employed by the defendant company for general work about the substation. He testified that during the time of his employment there he and Howerton and McCabe, another carpenter employed with Howerton, had discussed the dangerous character of the wire with which Howerton came in contact; that by an experiment then conducted by the witness, in their presence, in another place in the station, he had shown them how the current would leave . the wire when another conductor was brought near it; and that

41 Mont.—16

he told them that the wire used in the experiment was the same one which passed near the place where Howerton was working. He stated, further, that both Howerton and McCabe said at the time that they realized that it was dangerous to come in contact with a charged wire, and that they would thereafter keep away from it. It was admitted by McCabe that the experiment was conducted by Barclay, but he stated that nothing was then said about any danger or that the wire was the same as that by which Howerton was killed. The purpose of the interrogatory was to have the jury find from the testimony of Barclay that Howerton had been fully warned of the danger and fully appreciated it. The jury failed to answer it, and the court accepted the general verdict without requiring them to do so, and discharged them. At that time Mr. Hartman, one of counsel for defendants, who had taken no active part in the trial, was present, but did not know of the submission of the interrogatory. A few days after the trial, counsel moved the court to recall the jury and require them to answer it. This motion was denied. It is argued that the action of the court in the premises was such an irregularity as to warrant the granting of a new trial. There is no merit in this contention. Under the statute (Revised Codes, sec. 6758) the court may, in its discretion, submit to the jury a particular question of fact, and require them to find upon it; but it is not bound to do so. (*Hollingsworth* v. *Davis-Daly Estates Copper Co.*, 38 Mont. 143, 99 Pac. 142.) The interrogatory, in the form in which it was drawn, should not have been submitted to the jury in the first instance, because it involves two questions, the first of which must upon the testimony of Barclay and McCabe have been answered in the affirmative, while the second might have been answered in the affirmative or negative. The direct tendency of such an interrogatory was to confuse the jury, rather than to elicit the finding of a single material ultimate fact, to-wit, that Barclay fully explained to Howerton the dangerous character of the wire. (*Powell* v. *Chittick*, 89 Iowa, 513, 56 N. W. 652.) And, if upon further

consideration of it the court had formally withdrawn it from the jury, no valid objection could have been taken to its action. Even had it been in proper form, its withdrawal could not have been made the ground of exception, because, it being within the court's discretion to submit it in the first instance, it could likewise in its discretion withdraw it. (*Florence Machine Co.* v. *Daggett,* 135 Mass. 582.) This was in effect what was done by the reception of the general verdict, without requiring an answer by the jury. (*Robinson* v. *Palatine Ins. Co.,* 11 N. M. 162, 66 Pac. 535; *City of Wyandotte* v. *Gibson,* 25 Kan. 236; *New York etc. Nat. Bank* v. *American Surety Co.,* 69 App. Div. 153, 74 N. Y. Supp. 692.) Nor was the refusal of the court to recall the jury error of which defendants may complain. They had been finally discharged from consideration of the case, with the result that they had become again members of the community at large, freed from the obligations of their official oaths, and could not have been recalled except upon consent of all the parties. The interrogatory involved consideration of one of the fundamental issues in the case. To recall them after their discharge and to require them to answer it would have been tantamount to a resubmission of the whole case to a body of men not bound by the obligations of an oath, which would clearly have been violative of the plaintiff's right to a trial by a jury selected and sworn in the mode pointed out by the statute. (*Williams* v. *People,* 44 Ill. 478.)

It will not be necessary to enter into an analysis of the evidence to answer the contention of the defendants that it is insufficient to justify the verdict. In the opinion on the former appeal the testimony of McCabe and Davidson, the principal witnesses, is stated in full. With reference to the contention then made that the evidence did not disclose the manner and efficient cause of Howerton's death, it was said: "It is reasonably certain that Howerton's death was due to contact with the highly charged wire; and, if the jury believed McCabe's testimony, they might have concluded that deceased was engaged in doing what he was directed to do by the defendants,

and had no knowledge that there was any danger to be apprehended from touching the wire.'' The evidence adduced by the parties on the second trial was substantially the same as at the first, except that of Barclay and McCabe touching the experiment conducted by the former. This pertains exclusively to the question whether Howerton was informed of the danger of coming in contact with the charged wire, and the statements of these witnesses are in direct conflict. The jury might have found one way or the other, not only as to the manner and cause of the death, but also upon the issue as to whether Howerton knew of and appreciated the danger. Upon this condition of the record we may not disturb the verdict.

The judgment and order are affirmed.

*Affirmed.*

Mr. Justice Holloway concurs.

Mr. Justice Smith: I am unable to agree with my associates in the disposition made of the specifications of error arising upon the instructions in this case. Upon a retrial but one question was presented: Did the defendants negligently omit to warn Howerton of the danger? This was a question to be determined by the jury under proper instructions. Instruction No. 8 was erroneous, and in my judgment prejudicial, because it introduced into the case an element of alleged negligence which had no foundation in the testimony. I could agree with the majority opinion as to the effect of this instruction, if the district court had in any other instruction directed the attention of the jury to the only act of negligence upon which a recovery could be predicated; that is, a negligent failure to warn. As it is, the jury must either have based their verdict upon a negligent failure to provide a reasonably safe place in which to work (a matter which was confessedly not in the case), or upon a failure to warn, regardless of whether or not such failure involved an act of negligence. Assuming that the jury followed that portion of instruction No. 13 wherein they were told that no claim was made that the defendants were guilty of negligence in maintaining and operating the power-

house and high tension wire, then we have a verdict and judgment against the defendants in a case in which they have been convicted of no negligent act.   While this point was not specifically raised in the objections to instruction No. 8, still I think it is fairly comprehended within the objections, for the reason that the court's attention was called to the fact that the only alleged act of negligence upon which it was proposed to instruct the jury was outside of the issues.   This is, in my judgment, a very close case upon the facts, and, believing as I do that the jury's attention was never directed to the real and only issue in the case, I respectfully dissent from the orders of affirmance.