HORNBECK & BARNES, JJ., concur.

### APPLICATION FOR REHEARING

No 3330.   Decided Oct 10, 1941

BY THE COURT:

This matter is now before this court upon an application of the defendants-appellants for a rehearing.

Counsel has strongly urged certain matters which we had in mind at the time we determined the case, but which we did not consider in the extended detail now presented by counsel.

All that counsel says may well arise from the circumstances which he recites, but the question still remains whether it is not an error in legislation which the Legislature should correct. The Legislature might properly have said that a broker could not recover if at the time he entered into the contract he was without a license, but it did not so state. It stated that he could not recover if he was without a license **at the time the cause of action arose.**

We think counsel has presented a very fair argument of his viewpoint, but are still of the opinion that our original decision was correct, and that, therefore, the application for rehearing is denied.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.

**MAY v SZWED**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18201.   Decided Sept 15, 1941

E. J. Thobaben, Cleveland; DuLaurence & DuLaurence, Cleveland, for plaintiff-appellee.

Quigley & Byrnes, Cleveland, for defendant-appellant.

MATTHEWS. PJ., ROSS, J. and HAMILTON, J. (1st Dist.) sitting by designation.

## OPINION

### By MATTHEWS, PJ.

In the original petition in this action there was an express allegation that the plaintiff was riding as a guest in the defendant's automobile, when the defendant was wantonly and wilfully negligent "in that although he well knew that said rear door was insecurely fastened and closed, he drove said automobile at a high rate of speed, knowing that if said door swung open, as it was likely and probable for it to do under the circumstances, that anyone sitting in the rear seat near the said door might and likely would fall from said car and be injured," and as a direct result the plaintiff was thrown through the door and injured. Later, an amended petition was filed in which was retained the allegations of wilful and wanton misconduct, but there were added new allegations characterizing the defendant's conduct as negligence, and that he was a carrier for hire.

The defendant denied all misconduct and all negligence and all responsibility for the plaintiff's injuries.

The trial court submitted the case to the jury upon two theories,

1. On the theory that the plaintiff was a passenger for hire to whom the defendant owed the duty of exercising reasonable care, and

2. Upon the theory that the plaintiff was a guest in the defendant's automobile toward whom he only owed the duty, under §6308 GC, to refrain from wilful and wanton misconduct.

The jury returned a general verdict for the plaintiff for $5,000.00, and returned two special interrogatories, one of which was answered and signed by the requisite number, and the other was signed by an insufficient number.

The defendant's motion for judgment and a new trial were overruled, and judgment entered for the plaintiff. It is from that judgment that this appeal was taken. Various errors are assigned.

1. The evidence failed to show that the defendant knew that there was anything wrong with the door that caused it to open. Indeed there is no evidence that there was anything wrong with it, that would or might cause it to be opened by the jarring or straining of the parts of the automobile.

The evidence shows that the defendant was going at the rate of fifty-five (55) miles per hour over a country road and came to a part that had recently been coated with tar. That caused the automobile to weave and noise was caused by the tires catching stones and throwing them against the bottom of the automobile. Two ladies in the automobile cautioned the driver to drive more slowly, that they were frightened, and he responded by asking them who was driving. The boy fell out of the automobile immediately thereafter. This does not show wilful and wanton misconduct.

**Vicchio v Vicchio, 131 Oh St 59.**
**McCoy v Faulkenberg, 53 Oh Ap 98.**
**Murphy v Snyder, 29 Abs 59.**

The court erred in submitting the case to the jury on that theory.

(2). In support of the allegation in the amended petition that the plaintiff was a passenger for hire and not a guest, the plaintiff introduced the testimony of the plaintiff's mother and sister who testified to a conversation between the mother and the defendant and his wife, the substance of which was that the plaintiff's mother agreed to and did work for two days in consideration of the defendant transporting her and the plaintiff on this accasion.

. Opposed to this was the denial of the defendant and his wife that any such conversation took place. It was also contrary to the allegation in the original petition that the plaintiff was a guest. This original petition, however, was verified by the plaintiff's father and it does not appear where he got the information upon which he based the allegation.

The jury, in answer to a special interrogatory, found that the defendant was transporting the plaintiff for a charge. It is claimed that this is manifestly against the weight of the evidence.

Resolving this issue required a determination of the credibility of witnesses equal in number and apparently equally interested in the result. We cannot say, under such circumstances, that the finding of the jury is manifestly against the weight of the evidence.

(3) It is urged that the court erred in receiving a special interrogatory without requiring it to be signed by at least three-fourths of the jurors.

This interrogatory was:

"Do you find from the evidence that Leo May caused his own injuries by opening the rear door of the automobile in which he was riding and which was being operated by Andrew Szwed?"

The answer returned was "Yes", but only five of the jurors signed and of these five the names of two were cancelled before the return was made.

Clearly, the answer under such circumstances cannot be regarded as the answer of the jury. It was as though the interrogatory had been returned without the semblance of an answer.

. As there was no waiver of the right to have the interrogatory answered, the failure to require an answer, or the inability of the jury to answer it, must be treated as though the party having the burden of proof had failed to sustain the burden, provided the answer to the interrogatory would have controlled the general verdict. At most, the opening of the door by the plaintiff would have tended to prove that he had been negligent and as the burden of proving contributory negligence

was upon the defendant, the failure of the jury must be considered as his failure to incline the minds of the jurors.

**Smith v Cushman Motors Delivery Co., 54 Oh Ap 99.**

Furthermore, the opening of the door would not have been the equivalent to a finding that the plaintiff was negligent. He was an infant six years of age at the time. The trial court placed upon him the burden of exercising that degree of care that "children of that age are accustomed to exercise under the same or similar circumstances". Certainly no higher duty rested upon a child six years of age and we cannot say, as a matter of law, that the act of a child of that age in opening the door while the automobile was in motion was a failure to exercise the care which the law requires of a child of that age. Such a finding would not have controlled the general verdict. This interrogatory should not have been submitted. There was no evidence that the plaintiff opened the door.

It is true that there is evidence that his mother, who was a witness, had extra-judicially stated that the plaintiff had told her that he had opened the door, but she denied having made any such statement. At most, this evidence could have the effect of weakening or destroying the credibility of the mother as a witness. It had no probative value of fact of whether the plaintiff did in fact open the door. The plaintiff denied that he had opened the door.

The evidence left the cause of the opening of the door to inference. There was no evidence that anyone opened it. There was evidence that it was closed by the plaintiff's mother, when they started on the trip and that when the automobile swayed to and fro, the door flew open. It is a legitimate inference that there was something wrong with the mechanism that caused the door to open by reason of the swaying of the automobile.

We find the claim of prejudicial error with reference to this special interrogatory to be without merit.

4. A hospital record was admitted in evidence and it is objected that the proper foundation was not laid. An examination of the record discloses that the objection is well founded.

**Sec. 12102-23 GC,** sets forth the conditions precedent to the admission of such records. There was not sufficient evidence that the entries were made "in the regular course of business, at or near the time of the act, condition, or event" required by the statute, as well as the common law, in the absence of a statute.

**Kellogg v Industrial Commission, 60 Oh Ap 2, at 27 and 28, 19 N. E. (2d) 511.**
**Dickson v Gastl, 64 Oh Ap 246.**
**Peterson v Lake, 136 Oh St 481.**

Whether this error in and of itself would be sufficient to justify a reversal we do not determine.

(5) Other errors are assigned—such as, the mention of indemnity insurance in connection with the introduction of evidence otherwise competent, errors in the general charge to the jury, the incorporation by the jury in their verdict of the entirely superfluous and improper statement that the award was "to be used for the boy exclusively" and other assignments which we do not deem necessary to discuss or mention.

We find in some instances that there was no error and in others that the error was not prejudicial.

For these reasons the judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, J., HAMILTON, J., concur.