Nash, J.
This is an action of contract. The plaintiff seeks to recover the sum of $411.00 for an alleged overpayment for certain squares of shakes (type of shingle) delivered to him by the defendant, which should in accordance with the accepted standards and custom of the trade cover an area of 4940 square feet. The plaintiff further alleges that there was a “shortage in the quantity” of squares delivered which would cover 1976 square feet. The defendant’s answer is a general denial.
At the trial the plaintiff seasonably filed certain requests for rulings which were acted upon by the trial judge. The defendant did not file any requests for rulings. The trial judge in addition to ruling on the plaintiff’s requests for rulings made certain findings of fact, and made a general finding for the plaintiff in the sum of $342.36. The defendant seasonably filed a request for a report claiming *68 to be aggrieved by the action of the trial judge in finding for the plaintiff which he contends to be against the weight of the evidence and inconsistent with the findings of fact, and in allowing the plaintiff’s requests for rulings numbered 1, 2, 3, 6, 7, 8, 9 and 10. The report states it contains all the evidence material to the questions reported.
The trial judge found “that the plaintiff entered into an agreement whereby he was to purchase and furnish the material for the erection of a house . . . that the defendant' was to furnish the labor which he did and as the work progressed, presented to the plaintiff bills for labor which bills were paid . . . that the defendant purchased some of the material in his name with the knowledge of the plaintiff . . . that the plaintiff desired to have the roof and gable ends of the house shingled or covered by “shakes”, a shingle the same thickness at each end and eighteen inches long . . . that the defendant ordered and bought the “shakes” from William T. King, a lumber dealer, who handled the material'for the first time . . . that “shakes” are sold by the “square” (to cover an area of ten feet by ten feet) . . . that shakes are used more on walls than on roofs . . . that the defendant had never laid nor used “shakes” before . . . that 49% “shakes” were actually used on the house . . . that when “shakes” are used on side walls they are usually laid to the weather from 8% to 14 inches . . . that “shakes” are not comonly used for shingles excepting on expensive places . . . that if used on roofs they are usually laid 5% inches to the weather . . . that the “shakes” were sold and charged for at the rate of $20.80 a square . . . that in laying the shakes they did not cover the area which they were supposed to . . . that the “shakes” as sold were sold five bundles for a square supposed to cover an area ten by ten feet . . . that a test was made of five bundles of “shakes” and they covered only *69 sixty-five square feet laid 5% inches to the weather . . . that if laid on roofs they should be laid 5% inches to the weather. ’ ’
“I find that the plaintiff supposed that a “square” of shakes would cover an area of ten square feet and he was so charged by the square . . . that a trade square is 100 square feet and that the O. P. A. price was based on a square at a price of $20.80 the rate at which they were sold to and charged to the plaintiff by the defendant. I find that if the square had contained the number of square feet which they were supposed and represented to contain and cover, that the job would have required 16.46 squares less and that the defendant overcharged the plaintiff to this extent.”
The trial judge in ruling upon the plaintiff’s requests for rulings further found in substance that the defendant purchased the shingles on his own account and credit.
The plaintiff’s request No. 1 is as follows: That upon all the evidence a judgment should issue for the plaintiff, as a matter of law. The request was granted. Such a request does not comply with Buie #27 of the District Courts (1932) and need not have been dealt with by the trial judge if for no other reason than that the grounds upon which the request rests are not specified. Rizkalla v. Abusambra, 284 Mass. 303, 306. But the trial judge dealt with it and has made it a part of the record. In effect it is a request for a ruling that on all the evidence a finding for the plaintiff was required as a matter of law. Memishian v. Phipps, 311 Mass. 521, 524. Of course the drawing of appropriate and warrantable inferences from the evidence is within the function of the trial judge. DiLorenzo v. Atlantic National Bank of Boston, 278 Mass. 321, 327. But as was said in the case of Duralith Corp v. Leonard, 274 Mass. 397, 401, “Undoubtedly a general finding must be set aside if unequivo *70 cally inconsistent with a special finding, but the trend of the decisions, is to sustain the general finding if possible. Wakefield v. Wakefield Water Co., 182 Mass. 429; Lufkin v. Hitchcock, 194 Mass. 231; Reilly v. Boston Elevated Railway, 206 Mass. 53; Wheeler v. Tarullo, 237 Mass. 306.
We do not believe that the general finding for the plaintiff not only is not required as a matter of law but is not warranted on any reasonable view of the evidence. The judge found that there was a contract between the parties under the terms of which the plaintiff was to furnish and pay for all materials used in the construction of a certain house, that 49% squares of shakes were actually used in the construction of the roof and gable ends, and that the charges made to the plaintiff for the shakes by the defendant was at the same rate that he paid to the lumber dealer. The judge further found that if the shakes are laid on roqfs they should be laid 5% inches to the weather, and when so laid, a square only covers 65 square feet, that the defendant laid the shakes 5% inches to the weather. The judge made no finding of fact which warrants a finding that the defendant represented or warranted, that less than 49% squares of shakes would be required to complete the roof and gable ends or that the defendant applied the shakes improperly. The only evidence reported on this issue is that the defendant believed a square of shakes would cover 100 square feet “and so advised the plaintiff”. It is obvious that a square of shakes laid 8% to 14 inches to the weather will cover a greater area than if laid 5% inches to the weather, be it on side walls or roofs. It seems clear therefor that the finding of the judge that the defendant overcharged the plaintiff is inconsistent with the specific findings that the defendant purchased and used 49% squares of shakes, and that he charged the plaintiff for only 49% squares of shakes and at the same price that he, the *71 defendant, paid for them. The plaintiff paid the defendant for 49% squares of shakes at $20.80 a square, the O. P. A. ceiling price; and the defendant paid the lumber dealer the same amount; the 49% squares of shakes were laid on his roof at 5% inches to the weather. No shortage of shakes or overpayment appears.
In our opinion it was prejudicial error to grant the plaintiff’s first request and to enter a general finding for the plaintiff and the same is hereby reversed and a finding for the defendant is to be entered.