Julio DINIERO, Plaintiff-Appellee,

v.

UNITED STATES LINES COMPANY, Defendant-Appellant.

No. 171, Docket 26463.

United States Court of Appeals Second Circuit.

Argued Jan. 17, 1961.

Decided March 28, 1961.

Edward J. Malament, New York City (Lee Pressman and Standard, Weisberg, Harolds & Malament, New York City on the brief), for plaintiff-appellee.

Joseph M. Cunningham, New York City (Joseph P. Ritorto and Kirlin, Campbell & Keating, New York City on the brief), for defendant-appellant.

Before MEDINA, FRIENDLY and SMITH, Circuit Judges.

MEDINA, Circuit Judge.

Between April 6, and September 30, 1954, Julio Diniero, a Junior Third Assistant Engineer aboard the S. S. Pioneer Land, owned by United States Lines Company, claimed to have suffered such repeated strains in his back in the performance of his duties as to cause a ruptured disc with resultant pain and suffering, culminating some years later in a fusion operation and the removal of the disc. According to Diniero's testimony, there was a blow-down valve located below a floor plate and it was his duty to reduce leakage in the vessel's fresh water reserves by the operation of this valve. There was a slot in the floor plate and normally the valve could be opened or closed as circumstances required by using a reach rod. For a variety of reasons we need not describe in detail, but which include the absence of a reach rod and defects in the valve, Diniero said the only way he could operate the valve was by removing the deck plate, crouching down and moving the wheel of the valve by the use of a wrench. He claimed the injuries to his back were the effect of repeatedly operating the valve under these difficult conditions. The shipowner controverted all of these charges, and claimed there was nothing wrong with the valve, nor any necessity to remove the floor plate or to use a wrench. The eight day trial was devoted to the hearing of many witnesses and the reading of some depositions relative to the controverted issue of liability, and there was also considerable medical proof on the general subject of whether Diniero's trouble was due to a long continued condition caused by a degenerative disc disease and having no relation whatever to the operation of the blow-down valve, rather than to a ruptured disc.

At the close of the evidence the trial judge submitted the case to the jury in a wholly unexceptionable charge. In an endeavor to assist the jury in its deliberations, however, and pursuant to F.R. Civ.P., Rule 49(b), 28 U.S.C.A.[1] he sub-

---

1. Rule 49(b) provides:

"The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the court shall direct the entry of the appropriate judgment upon the verdict and answers. When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict or may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the

mitted eight questions to be signed and returned as the verdict of the jury. The last two were in the form of a general verdict for plaintiff or defendant, questions 2 to 6 inclusive were in the common form relating to unseaworthiness, negligence, contributory negligence and proximate cause. The trouble was caused by question number 1, as follows:

"Did the plaintiff injure himself aboard the Pioneer Land because in operating the blow-down valve he had to remove the floor plates, then crouch and exert physical effort with a wrench and not his hand to stop it from leaking?

"Answer yes or no."

After some hours of deliberation and the receipt of a number of communications from the jury, the trial judge withdrew all the questions, told the jury to disregard them and bring in a general verdict in the usual form; and, after further deliberations the jury brought in a verdict in favor of the seaman for $46,150. The claim for maintenance and cure had been reserved for later determination by the court and, in an opinion (reported at 185 F.Supp. 818), in lieu of findings of fact and conclusions of law, the trial judge allowed Diniero $9,012. The shipowner appeals and the only question raised on the appeal is whether the trial judge committed error by the withdrawal of the questions originally submitted.

The position of the shipowner is that F.R.Civ.P., Rule 49(b) authorizes the submission of written interrogatories but does not authorize the withdrawal of such interrogatories, after they have once been submitted and the jury has commenced its deliberations thereon. The shipowner further argues that question number 1 related to "one or more issues of fact the decision of which is necessary to a verdict," and that, even if there be some power in the trial judge to withdraw interrogatories under certain circumstances, it was a clear abuse of

discretion to withdraw a proper and material interrogatory, relating to an issue that must necessarily be decided in plaintiff's favor, if plaintiff was to recover any damages whatever. To permit such withdrawal, the shipowner claims, would defeat the very purpose of F.R.Civ.P., Rule 49(b), and smooth the way for a reluctant jury, unable to agree on the facts basic to recovery, to do "popular justice" through the medium of "an old-fashioned verdict."

■■ The question is important, and, so far as we are aware, has never been decided by any federal court, although there are many state court decisions on various phases of the general subject. We hold, under F.R.Civ.P., Rule 49(b), that from the expressed power to submit interrogatories there is to be implied power to withdraw these same interrogatories in proper cases. Just as the trial judge may in his discretion submit interrogatories, so in his discretion he may withdraw them; but his ruling withdrawing the interrogatories is reviewable by us for abuse of discretion. In this case we think question number 1 was ambiguous, it certainly was not understood by the jurors, and the attempted explanation, to which we shall presently return, not only failed to clear up the ambiguity, but to some extent increased it. Under these circumstances we hold it was not an abuse of discretion to withdraw all the questions and authorize the jury to render a general verdict.

The jury commenced their deliberations at 2:45 p. m. At 5:40 p. m. the trial judge received a note from the jury reading: "Your Honor, could we ask for your interpretation of the word 'had' in the second line, first question? Did the plaintiff injure himself?"

Appellant's counsel assures us that the question and the explanation given by the trial judge is just as simple as "whether the plaintiff was injured as he claimed," or, in other words, whether he was injured in the manner described by him in

court shall not direct the entry of judgment but may return the jury for further

consideration of its answers and verdict or may order a new trial."

his testimony. What the trial judge said, however, is as follows:

"What I was trying to find out by the first question was whether or not plaintiff injured himself on board this ship, assuming that he had to remove the plates, assuming that he had to crouch down, and assuming he exerted this pressure with the wrench instead of his hand?

"So in answer to your specific question as to the interpretation of the word 'had' it means that I assumed that he had to remove the plates, and he had to do this, and he had to do that. I didn't mean to take away from you the question as to whether he did in fact have to do that. In other words, the purpose of the question is to find out whether the plaintiff injured himself on board the ship in the manner that he described. The defendant claims that he did not. So the first question that I wanted answered was did he injure himself aboard the ship by doing what he said he did?

"If you find that he didn't remove the plates or he didn't bend down, or he didn't crouch, or he didn't have to, or he didn't do it, those questions will be answered as you go on further down by your answers to the other questions.

"But in my first question I assumed as a fact, accepted the plaintiff's testimony, that he had to bend down, that he had to crouch, that he had to remove the plates.

"What I wanted to find out was, assuming all of that, did he injure himself on board the Pioneer Land.

"Now I hope that is clear. If it isn't, you can write me another note."

The jury retired again at 5:50 p. m. and returned with another note at 6:40 p. m. This note was not read to counsel until after the verdict was rendered, but no objection was made to the failure to read it. The trial judge merely said it related "to some disagreement." The note is as follows: "Your Honor, we cannot agree on question one. It appears there is no chance for agreement." Thereupon the trial judge withdrew all the questions from the consideration of the jury and asked them to see if they could not agree on a general verdict.

Despite the trial judge's withdrawal of the interrogatories, the jury still could not soon reach agreement. At 9:22 p. m. the jury informed the trial judge that "it finds it impossible to arrive at a unanimous agreement in this case." The trial judge thereupon read a quotation from Allen v. United States, 1896, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528, and returned the jury for further deliberations at 9:30 p. m. Objection was noted to the withdrawal of the questions, but not to the sending of the jury back for further deliberations at 9:30. At 10:30 p. m. the verdict was announced and the jury polled.

There was an inherent ambiguity in question one, and it is plain enough that the explanation failed to remove the ambiguity. Under these circumstances we think it was not an abuse of discretion to withdraw the questions and give the jury an opportunity to agree upon a general verdict. As F.R.Civ.P., Rule 49(b) authorizes the submission of interrogatories to assist the jury in arriving at a verdict, it is reasonable and quite consistent with the broad powers of a federal trial judge to infer that in a proper case the interrogatories may be withdrawn. It was a matter of judgment whether to attempt some further elucidation of the question, or to declare a mistrial, or to withdraw all the questions and authorize a general verdict. We cannot say the decision made here under the circumstances of this case was wrong, particularly as the jury continued its deliberations from about 6:45 p. m. until 10:30 p. m., after the withdrawal of the questions.

Counsel have called many state court decisions to our attention. The weight of authority in these cases strongly sup-

ports our ruling that in proper cases interrogatories may be withdrawn.[2]

Moreover, most of these decisions agree that when proper and material interrogatories have been submitted to the jury it is error to receive a general verdict in the face of a disagreement among the jurors with respect to one of the questions.[3] The reason for this is that the answers to material questions are a necessary basis for the general verdict, and, if there is disagreement with respect to one or more of such questions, the general verdict has no sound foundation to rest upon. Examples are cases where the jury disagrees with respect to interrogatories relating to the contributory negligence of plaintiff. Where the questions on which the jury disagrees are not material or necessary to the verdict the result is different.[4]

Other cases present the problem in its simplest form. After the submission of material and proper interrogatories, there is a delay of a few hours and the trial judge of his own motion, or on the application of plaintiff's counsel, calls in the jury, withdraws the questions, tells the jury to bring in a general verdict over the objection of defendant's counsel, and shortly thereafter the jury returns a verdict for the plaintiff. This has been held to be an abuse of discretion and ground for reversal. Ermentraut v. Providence-Washington Ins. Co., 1897, 67 Minn. 451, 70 N.W. 572; McKelvey v. Chesapeake & O. Ry., supra. See also Sun Mut. Ins. Co. v. Dudley, 1898, 65 Ark. 240, 45 S.W. 539. The reason is that the action of the trial judge would probably be prejudicial to defendant. See Ermentraut v. Providence-Washington Ins. Co., supra, 70 N.W. at pages 572–573; McKelvey v. Chesapeake & O. Ry., supra, 14 S.E. at page 263. This is a good general rule, and we agree with it. But it has no application to the case before us now, as the interrogatory causing all the difficulty here was unclear and ambiguous. The withdrawal of all the questions was for the purpose of eliminating the confusion caused by the formulation of an improper question. And it is to be noted that a confusing and improperly worded interrogatory cannot fairly be considered

2. See Longstean v. Owen McCaffrey's Sons, 1920, 95 Conn. 486, 111 A. 788; Watkins v. Mountain Home Co-op. Irr. Co., 1921, 33 Idaho 623, 197 P. 247; Continental Life Ins. Co. v. Young, 1888, 113 Ind. 159, 15 N.E. 220; Fitts v. Badger Lumber & Coal Co., 1937, 146 Kan. 56, 68 P.2d 631; Florence Machine Co. v. Daggett, 1883, 135 Mass. 582; Wavle v. Michigan United Rys. 1912, 170 Mich. 81, 135 N.W. 914; Poor v. Madison River Power Co., 1910, 41 Mont. 236, 108 P. 645; Robinson v. Palatine Ins. Co., 1901, 11 N.M. 162, 66 P. 535; New York County Nat. Bank v. American Surety Co., N.Y.App.Div., 1st Dep't, 1902, 69 App.Div. 153, 74 N.Y.S. 692, affirmed without opinion, 1903, 174 N.Y. 544, 67 N.E. 1086; Taylor v. Ketchum, 1868, 28 N.Y.Super. (5 Rob.) 507, 35 How.Pr. 289; La Fayette v. Bass, 1926, 122 Okl. 182, 252 P. 1101; Rohr v. Isaacs, 1880, 8 Or. 451; Robinson v. Silver Lake Ry. & Lumber Co., 1931, 163 Wash. 31, 299 P. 356; McKelvey v. Chesapeake & O. Ry., 1891, 35 W.Va. 500, 14 S.E. 261.

3. Arkansas Midland Ry. v. Canman, 1890, 52 Ark. 517, 13 S.W. 280; Tourtelotte v. Brown, 1892, 1 Colo.App. 408, 29 P. 130; Longstean v. Owen McCaffrey's Sons, supra; Tober v. Pere Marquette R. R., 1920, 210 Mich. 129, 177 N.W. 385; Eischen v. Chicago, M. & St. P. Ry., 1900, 81 Minn. 59, 83 N.W. 490; Doom v. Walker, 1884, 15 Neb. 339, 18 N.W. 138; Ebersole v. Northern Central Ry., N.Y.Gen'l Term, 3d Dep't, 1880, 23 Hun 114; Palmetto Fertilizer Co. v. Columbia N. & L. Ry., 1914, 99 S.C. 187, 83 S.E. 36; Stylow v. Milwaukee Elec. Ry. & Transp. Co., 1942, 241 Wis. 211, 5 N.W. 2d 750; Biersach v. Wechselberg, 1931, 206 Wis. 113, 238 N.W. 905.

4. O'Connell v. United Railroads, 1912, 19 Cal.App. 36, 124 P. 1022; Wakefield v. Wakefield Water Co., 1903, 182 Mass. 429, 65 N.E. 814; Murray v. New York Life Ins. Co., 1884, 96 N.Y. 614; Garfield v. Blair, N.Y.Gen'l Term, 4th Dep't, 1890, 10 N.Y. 340; May v. Szwed, 1941, 68 Ohio App. 459, 39 N.E.2d 630; Smith v. Cushman Motor Delivery Co., 1936, 54 Ohio App. 99, 6 N.E.2d 594; Russell v. Oregon R. & Nav. Co., 1909, 54 Or. 128, 102 P. 619.

a "material" question, or one the answer to which "is necessary to a verdict." Under the circumstances it was, we think, good judgment to withdraw all the questions. Certainly we cannot say to do so was an abuse of discretion.

Affirmed.