Myers, J.
 

 This was an action by plaintiff, Albert Petterson, against defendant, Thornton Lake, for damages for personal injuries alleged to have been caused by defendant’s automobile at the intersection of Chester avenue and East 19th street in the city of Cleveland. The jury returned a verdict for the plaintiff in the Court of Common Pleas, upon which judgment was entered. The Court of Appeals affirmed the judgment. Defendant’s motion to certify was granted by this court.
 

 The only assigned error requiring extended discussion relates to the hospital record admitted by the trial court for the purpose of showing the reasonable worth of services rendered by the hospital. After the accident the plaintiff was taken to Charity Hospital. One of the witnesses for the plaintiff was one Eose St. Andrews, cashier of the hospital, who brought with her
 
 *482
 
 to the trial a ledger sheet containing a record of the plaintiff while at the hospital, primarily an account card for services rendered. The following is a copy of that ledger sheet known as plaintiff’s exhibit A:
 

 
 *483
 
 In regard to the preparation and custody of the ledger sheet the witness testified as follows:
 

 “Q. Did you make up this bill, Miss St. Andrews? A. I don’t recall whether I did or not.
 

 “Q. Is this bill made out in the usual course of business of the hospital? A. Yes, that’s right.
 

 “Q. Is it made out pursuant to rules and regulations? A. Yes, it is.
 

 ‘
 
 ‘ Q. And is this bill in your custody, this record in your custody at the hospital? A. Yes, the only records we have.”
 

 The defendant objected to the introduction of the ledger sheet on the ground that it was all hearsay evidence but the court allowed its introduction on the ground that it showed an account for services rendered.
 

 On cross-examination the witbess also testified that she did not recall whether or not she herself had prepared the account and further testified that whoever made up the bill received the information from a number of different sources. After cross-examination of the witness had been concluded, the defendant moved to strike the hospital ledger from the record. This was overruled by the court and exception noted.
 

 The theory upon which the trial court admitted this hospital record was the so-called shop book rule. If this were an action by the hospital against the patient to collect its account for services rendered a different question would be presented. Here, however, it is sought to bind a third party by the rule. The third party is the defendant, Thornton Lake. The defendant was not a party to the transactions shown on the record. The hospital was not rendering services for or on behalf of the defendant. The hospital record was inadmissible and the objection of the defendant to its introduction should have been sustained by the trial court. Refusal so to do was prejudicial error.
 

 However, it is urged by the plaintiff that since Section 12102-23, General Code, as enacted, effective Sep
 
 *484
 
 tember 6, 1939, makes certain records admissible, it would be a vain and futile thing to reverse and remand this case for a new trial for under such statute “this document would appear to be clearly admissible. ’ ’
 

 The question of whether this document would be admissible under the new statute in a new trial of the instant case is not before us at the present time. Such claim having been made, however, we are required to point, out that the hospital account card was inadmissible not only for the reasons hereinabove mentioned but also on account of the following language appearing in the upper right hand corner of such card, “Man promised to pay hospital bill.” Perhaps this was the most objectionable part of the hospital record, for immediately above this notation there was also written the name of “Charles Lake,” and his address. While there was no
 
 aliunde
 
 testimony to show who made the promise or who made the notation on the card, such notation appearing immediately below the name “Charles Lake” may well have been the deciding factor in the deliberations of the jury, especially so since the defendant’s name was Thornton Lake. The objection of the defendant that it was all “hearsay evidence” clearly reached this notation as well as other hearsay parts of the hospital record. Without deciding what other parts of the hospital record, if any, would be admissible in a new trial on account of enactment of Section 12102-23, G-eneral Code, we are obliged to state that the new statute was manifestly not intended to cover such an extrinsic statement as “Man promised to pay hospital bill,” in an action not between the hospital and the patient and especially in the absence of any testimony properly identifying such statement.
 

 Therefore, irrespective of the question whether other parts of the hospital record would be admissible “in the opinion” of the trial court as provided in the
 
 *485
 
 new statute, we arq required to reverse the judgment of the Court of Appeals and to remand this cause for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Zimmerman, Williams, Matthias and Hart, JJ., concur.