Joseph RUPPE, Libellant,
v.
**WATERMAN STEAMSHIP CORPORA-TION, Respondent.**
No. 18831.

United States District Court
E. D. New York.
June 21, 1956.

Murray Rosof, New York City, Proctor for libellant, by Irving J. Berman, New York City, Advocate.

Gay & Behrens, New York City, Proctors for respondent, by Edward J. Behrens, New York City, Advocate.

GALSTON, District Judge.

This action under the Jones Act by a seaman who was injured aboard the SS. Gateway City, on April 11, 1947, leaves but one issue for determination, since fault was admitted by the respondent on the ground that the vessel was unseaworthy at the time of the accident.

The libellant was injured by the falling of a boom. He was struck on the left side, and with sufficient force to be thrown to the deck. He testified that he lost consciousness. The injuries of which he complains were caused by the accident. There can be no question that being struck with such a heavy instrument as the boom of a winch caused considerable pain over some period of time.

The complaint sets forth two causes: one for the injuries that he sustained, the second for cure and maintenance.

The clinical record of the United States Marine Hospital, to which hospital the libellant was admitted on the day of the accident, reveals that he suffered laceration of the fingers of the left hand, and received a crushing blow to the second, third and fourth fingers of the left hand. From the emergency x-rays it appeared that the fragments were in rea-

sonably good position. X-rays of the shoulder, which had also been struck a glancing blow by the beam, revealed no evidence of bone or joint pathology. Ruppe was kept in the hospital until the sutures were removed from the hand. The doctor's observation was:

"The lacerations healed uneventfully, and it was felt that the prognosis for good motion in the fingers was favorable."

After his discharge, on April 28, 1947, from the Marine Hospital on Staten Island, he became an out-patient, and was treated in the United States out-patient clinic at Hudson Street, in the City of New York, being admitted on May 5, 1947. The clinical record of that hospital shows x-ray findings of the left hand, comminuted fracture of the tuft of the second and third fingers, with slight separation but in excellent position; also a fracture of the shaft of the distal phalange of the ring finger, in good position. He was discharged on June 23, 1947, the record bearing the observation: "Advise three weeks convalescence; then fit for duty."

Despite the recommendation that he was fit to return to work, he did not go back to the ship, nor is there any record of work in other fields for a year and a half. He said that for a year and a half he was not able to work. Since then he has had a variety of jobs, as cook and handy man. As cook he received $65 a week and board, and that was in excess of his wages as a seaman. His wages from April 9, 1947 to April 11, 1947 were at the rate of about $159 a month.

As to the award to be made under the first cause of action, his loss of wages and the nature and extent of his injuries are the items to be considered. Manifestly no formula can be suggested to cover the factor of pain and suffering. The doctors disagree as to the nature and extent of the injuries. There was not convincing proof of any brain damage. There is restriction in motion of the left side, but the man is able to make more now than he did be-

fore. Assuming that he was justified in remaining out of work for a year and a half, and taking into serious consideration the pain and suffering which he endured—it couldn't have been slight—I think a matter of $4,500 would be a reasonable estimate for the damage alleged under the first cause of action.

As to the second cause of action, cure and maintenance, he attained the maximum cure, the Hudson Street Hospital said, on June 23, 1947, with a suggested period of three weeks for recuperation. The record disclosed that maintenance under Exhibit 1 could be estimated at $3.15 a day, and at the very limit, under the second cause of action, he should be allowed not more than $400, making a total of an award of $4,900.

The foregoing will constitute the findings of fact.

Settle decree on notice.