Robert J. **VANDINTER**, Plaintiff,

v.

**AMERICAN STEAMSHIP COM-PANY**, Defendant.

No. Civ-72-378.

United States District Court,
W. D. New York.

Jan. 30, 1975.

Harrison, Gruber & Gaughan, Buffalo, N. Y., for plaintiff; Fenton F. Harrison, Buffalo, N. Y., of counsel.

Cadwalader, Wickersham & Taft, New York City, William S. Busch, New York City, of counsel, Heffernan, Sweet & Murphy, New York City, James P. Heffernan, Buffalo, N. Y., of counsel, for defendant.

## DECISIONAL MEMORANDUM

ELFVIN, District Judge.

This action was brought to recover for personal injuries allegedly brought about by the negligence of the defendant under the Jones Act and/or by the unseaworthiness of the defendant's boat. Joined with said cause or causes of action was one for maintenance and cure allegedly due the plaintiff while he was disabled by said injuries.

The parties have stipulated that the Court himself should decide the amount, if any, of maintenance to which the plaintiff may be entitled. (The plaintiff withdrew his claim for cure inasmuch as the whole of the past cost of the same has been paid by the United States Public Health Service.)

■■ The evidence showed that the accident was brought about, in part, by contributory negligence on the part of the plaintiff. It is well settled, however, that contributory negligence is no bar to a seaman's right to recover for maintenance in the absence of willful misbehavior or willful misconduct, such as willful disobedience of orders or intoxication. Upon considering all of the evidence, the Court finds that the defendant has failed to carry its burden of proving that the plaintiff was guilty of such willful disobedience of orders as would bar maintenance and, while there was a clear showing that the plaintiff had imbibed alcoholic beverages while on shore leave shortly before the accident it also was clearly demonstrated that he was not drunk or intoxicated. See, Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107 (1943).

■ The parties have stipulated that, if any sum is found to be due the plaintiff for maintenance, it should be at the rate of $8.00 for each day. The Court has determined that the plaintiff was entitled to maintenance for a total of 76 days that is, from October 16, 1971 (the date of the injury) until February 26, 1972 (the date when the doctors at the Public Health Services Hospital in New Mexico pronounced him fit for duty and issued a slip to that effect), less the time that the plaintiff was a patient in Public Health Hospitals in Green Bay, Wisconsin and Staten Island, New York. He had by the latter date attained the maximum cure. While the finding by the New Mexico hospital on February 26, 1972 that the plaintiff was fit for duty is not binding upon the finder of facts, Koslusky v. United States, 208 F.2d 957, 959 (C.A.2d, 1953); Diniero v. United States Line Company, 185 F.Supp. 818, 820 (S.D.N.Y., 1960), affd. 288 F.2d 595 (C.A.2d, 1961), it is highly persuasive that maximum cure for the disability obtained. The plaintiff says that he continued to experience pain and, although the evidence was conflicting on this issue and others, he may have. Nevertheless, he returned to his work on March 6, 1972 (apparently the earliest date of such return even if the plaintiff never had been injured) where he performed all assigned duties in an industrious and eminently satisfactory fashion and took on more than the average amount of voluntary overtime work. Also, the plaintiff had, for reasons best known to him, declined to undergo an operation which had been recommended and scheduled by his physician and which would have eliminated the pain. Ruppe v. Waterman Steamship Corporation, 142 F.Supp. 208, 210 (D.C., E.D.N.Y., 1956). Thus the total fixed as the amount due plaintiff for maintenance is $608.00. Interest thereon has not been demanded. Costs are not allowed to the plaintiff because it is this Court's finding that the totality of the circumstances attending this accident—particularly as those were made

known to the employer by its prompt investigation—do not show that callous disregard of the general obligation to pay maintenance which would warrant assessing all or part of the costs against the employer.

This determination is, of course, without prejudice to any right of the plaintiff to additional maintenance and cure as a result of any further disability due to the injuries sustained in the accident which was the subject matter of the instant action. See, Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 531, 58 S.Ct. 651, 82 L.Ed. 993 (1938).

This memorandum is in lieu of findings of fact and conclusions of law. Prepare and submit judgment.