UNITED STATES of America
v.

**0.78 ACRES OF LAND, MORE OR LESS, SITUATE IN BERKS COUNTY, STATE OF PENNSYLVANIA and A. F. Moyer Beef Co., Inc., et al.**

**Civ. A. No. 76–3460.**

United States District Court,
E. D. Pennsylvania.

Feb. 1, 1979.

Bruce J. Chasan, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

C. Stephens Vondercrone, Jr., Lansdale, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is an appeal by the A. F. Moyer Beef Company (landowner) from a jury verdict in an eminent domain case in which the United States of America (the Government) condemned approximately 0.78 acres of land, of which approximately 0.67 acres were burdened with a flowage easement, and 0.11 acres were taken in fee simple. Landowner is now moving for a new trial, contending that the Court erred when, after the jury had returned answers to written interrogatories which were harmonious with the general verdict, the Court, instead of entering judgment on the verdict, reinstructed the jury and submitted new or amended interrogatories; that the jury failed to follow the Court's instructions and the verdict was against the charge of the Court; that the verdict is contrary to the weight of the evidence and the law; and that the damages awarded are so inadequate that there is no sufficient or substantial evidence tending to support the amount of the jury's verdict.

The chief controversy in this case centers around the interrogatories submitted to the jury. During the course of the trial, the testimony dealt with the value of the entire tract of the landowner's property, including 0.67 acres (Tract 1072E) that was burdened by the easement, 0.11 acres (Tract 1072) that was taken in fee simple, and 0.72 acres on which a meat-processing plant was constructed and operating. During the course of the trial, witnesses for both parties testified to the value of the entire tract, including the 0.72 acres that was not condemned. Appraiser McClatchy, on behalf of the Government, testified that the value of the property before the taking was $326,000.00, and that the value after the taking was

$323,300.00, a difference of $2,700.00. Appraiser Plank, on behalf of the landowner, testified that the value of the land before the taking was $299,000.00, and that the value of the land after the taking was $264,000.00, a difference of $35,000.00.

The jury was then given two special interrogatories, designed to fix the before and after value of the entire property on the date of the taking. The first question read:

"1. What was the fair market value of the property of Moyer Packing Company on November 8th, 1976, immediately before the taking by the Government, as unaffected by the taking?"

The second question read:

"2. What was the fair market value of the property of Moyer Packing Company on November 8th, 1976, immediately after the taking by the Government, and as affected by the fee simple taking of Tract 1072 and the flowage easement on Tract 1072E?"

A third question then called for the appropriate conclusion:

"3. What are the total damages due Moyer Packing Company on account of the taking (No. 1 less No. 2)?"

When the jury returned its verdict, it held that the answer to the first question was $4,680.00, the answer to the second was $1,684.00, and the answer to the third was $2,996.00. It was apparent that the jury had not considered the value of the *entire* property owned by the landowner; it appeared that the jury may have considered only the value of the two tracts that had been condemned, one outright and flowage easement as to the other, and determined the before and after value of those two tracts only without considering the entire property.

In order to determine if that in fact had occurred, the Court submitted new or amended interrogatories to the jury, as follows:

"1. What was the fair market value of the *entire* property of Moyer Packing Company on November 8th, 1976, immediately before the taking by the Government, as unaffected by the taking?"

"2. What was the fair market value of the *entire* property of Moyer Packing Company on November 8, 1976, immediately after the taking by the Government, and as affected by the fee simple taking of Tract 1072 and the flowage easement on Tract 1072E?"

The third interrogatory was without amendment.

When the jury returned its verdict the second time, its answer to the first interrogatory was $326,000.00; its answer to the second interrogatory was $323,004.00; its answer to the third interrogatory was $2,996.00. The answer to the third interrogatory which represented the measure of damages owing to landowner, and thus represented the final verdict, was identical both times. Thus, it was apparent that the amendment of the first two interrogatories and the resubmission of interrogatories to the jury along with supplemental instructions had not caused the jury to alter its final decision and its verdict as to the damages due to landowner which was the sole question to be resolved in this litigation. Judgment was entered on that verdict.

The landowner contends that the Court erred in reinstructing the jury and submitting amended interrogatories instead of entering judgment on the original verdict. It contends that if the answers to interrogatories are harmonious with the general verdict, the Court *must* enter judgment on that verdict. Landowner also contends that the verdict originally returned was erroneous because it was contrary to the charge of the Court in that the value of the entire property was obviously not considered. Therefore, it would follow that if the Court were required to enter judgment on the first verdict, and that verdict was erroneous as being contrary to the charge of the Court, then a new trial would be necessary.

In support of its contention, defendant cites F.R.C.P. 49(b) which reads as follows:

"(b) General Verdict Accompanied by Answer to Interrogatories. The court may submit to the jury, together with

appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When the answers are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial."

In particular, landowner places emphasis on the third sentence of the Rule, which provides that when the general verdict and the answers are harmonious, the Court shall enter the appropriate judgment upon the verdict and answers. It contends that since the jury first found that the answer to the first interrogatory was $4,680.00 and the answer to the second interrogatory was $1,684.00, the proper verdict was $2,996.00, which is the difference between the first two figures, that these answers were harmonious and that judgment should have been entered thereon.

 This Court is under a constitutional mandate to search for a view of the case that makes the jury's answers consistent. *Morrison v. Frito-Lay, Inc.*, 546 F.2d 154, 160 (5th Cir. 1977). "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved in that way. For a search for one possible view of the case which will make the jury's finding inconsistent results in a collision with the Seventh Amendment". *Atlantic & Gulf Stevedores v. Ellerman Lines*, 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798 (1962). "However, the determination that an inconsistency exists must be made only after a concerted effort to reconcile every apparent inconsistency". *Miller v. Royal Netherlands Steamship Company*, 508 F.2d 1103, 1106 (5th Cir. 1975). Thus, the test to be applied in reconciling conflicts between the jury's answers is whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted. *Griffin v. Matherne*, 471 F.2d 911 (5th Cir. 1973).

Although the above authorities deal with inconsistencies, it has been held that the same logic and principles apply to ambiguities in the answers to interrogatories returned by a jury. In *Morrison v. Frito-Lay, Inc., supra*, the Court noted that under F.R. C.P. 49(a) a court must search for a view of the case which would make the jury's answers consistent, and that it would, therefore, be anomalous to hold that the Court could not submit an additional interrogatory to clarify an ambiguity. "We think that clearly, in its discretion, the trial court may submit one or more interrogatories to the jury for the purpose of harmonizing apparent inconsistencies or ambiguities when such harmonization and resolution of ambiguities might properly be performed by the court itself * * *". *Id.* at 161.

In the case at bar, there was a very substantial ambiguity in the first set of answers to interrogatories returned by the jury. Throughout the trial, one of the most crucial issues of fact was to what extent, if any, was the landowner's property that was not condemned affected by the taking by the Government of the two tracts that were condemned. As mentioned earlier, in addition to Tract 1072 and Tract 1072E the landowner owned a tract of improved land approximately 0.72 acres in area adjacent thereto. That third tract was occupied by a meat-processing plant, in which an ongoing

business was conducted. It was landowner's contention that its ability to engage in this enterprise would be impaired, and that the value of the *entire* property would be adversely affected by the taking and that its damages were not confined to the condemned tracts. The Government disputed this assertion, and maintained that only the condemned tracts should be considered, and that there would be no damage to the remainder.

When the jury returned its answers to the first set of interrogatories, the answers established values that could not possibly have reflected the value of *all* of landowner's property. At this point an ambiguity existed. Did the jury disregard the entire property and consider only the condemned tracts? If so, did they disregard the entire property because they did not understand the issues of the case, or did they disregard the entire property because they fully agreed with the Government that the entire property and the conduct of a business thereon was not affected by the condemnation of two of the three tracts? The Court could have on its own reconciled this ambiguity and determined that the jury had simply repudiated the landowner's contention that the entire tract had been affected, but the Court chose not to do so. Instead, the Court chose to resolve the ambiguity and determine the jury's intent by the use of additional instructions and amended interrogatories. This was consistent with the holding in *Morrison* and consistent with the duty resting upon the Court to resolve ambiguities and determine the jury's intent. Similarly, in *Diniero v. United States Lines Company*, 288 F.2d 595 (2d Cir. 1961) the Court held that under F.R.C.P. 49(b), it was not an abuse of discretion for the trial court to withdraw interrogatories and authorize a general verdict when an ambiguity was present. Therefore, we conclude that our decision to amend and resubmit the interrogatories in the case at bar was not an abuse of discretion.

Furthermore, we do not agree that the jury failed to follow the Court's instructions. We do not agree that it returned a verdict which was against the charge of the Court. As we have noted, it was initially unclear as to whether the verdict was against the instructions and the charge, in that it was unclear whether the jury failed or refused to consider the effect of the condemnation upon the entire property. However, the submission of amended interrogatories resolved the ambiguity and we are now satisfied and the record unequivocally supports the conclusion that the jury did consider all of the evidence in accordance with the Court's instructions. Likewise, we do not agree that the verdict was against the weight of the evidence or the law, or that the damages were so inadequate that there is no sufficient or substantial evidence to support the amount of the verdict. As mentioned, much of the case revolved around whether the jury accepted the landowner's contention that in addition to the relatively small tract that was taken in fee and the tract that was burdened by easement, the remaining property was adversely affected by the taking. In awarding damages, the jury appears to have simply rejected landowner's contention, and in so doing they returned a verdict supported by the evidence and in accordance with the law. The amount of the damages are supported by sufficient and substantial evidence no matter how disappointing to the landowner. The jury not only heard the evidence and properly considered it. It also had the opportunity to view the premises, observe the tracts taken, and observe the entire property, including the business conducted thereon.

We conclude that landowner's contentions are without merit and we shall accordingly deny the motion for new trial.